# EXHIBIT A

1  Douglas R. Young (State Bar No.73248)
   C. Brandon Wisoff (State Bar No. 121930)
2  Robert C. Holtzapple (State Bar No. 145954)
   Gary M. Kaplan (State Bar No. 155530)
3  Farella Braun + Martel LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA 94104
   Telephone: (415) 954-4400
5  Facsimile: (415) 954-4480
   Email: gkaplan@fbm.com
6
   John H. MacConaghy (State Bar No. 83684)
7  MacConaghy & Barnier, PLC
   645 First Street West, Suite D
8  Sonoma, CA 95476
   Telephone: (707) 935-3205
9  Facsimile: (707) 935-7051
   Email: macclaw@macbarlaw.com
10
   Attorneys for Defendants
11 WINSTON & STRAWN LLP and JONATHAN COHEN

12

13              UNITED STATES BANKRUPTCY COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    SANTA ROSA DIVISION

16

| In re: | [S.D.N.Y. Bankr. Case No. 09-11010 (REG)] |
| SOLSTICE, LLC, et al., | Chapter 11 (Jointly Administered) |
| Debtors., | |
| SOLSTICE, LLC, | |
| Plaintiff, | Adversary Proceeding No. _____ |
| vs. | |
| GRAHAM KOS; TIM WOLFF; TIM WELLER; CHAD MORSE; JAMES KIME; SHAY LLC; BEALE LLC; WINSTON & STRAWN LLP; JONATHAN COHEN; NOVOGRADAC & COMPANY LLP; JON KRABBENSCHMIDT; SHAY KOS: and DOES 1 through 400, | |
| Defendants. | |

16
17
18
19
20
21
22
23
24
25
26

27

28    **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTION 1452**

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415)954-4400

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1452

Case: 09-01179   Doc# 1   Filed: 12/16/09   Entered: 12/16/09 18:43:07   Page 1 of 5

4

1    **PLEASE TAKE NOTICE** that Defendants Winston & Strawn LLP ("W&S") and

2    Jonathan Cohen ("Cohen, and, collectively with W&S, "Removing Defendants") hereby remove

3    the Second Cause of Action in the above-entitled action (the "Action") from the Superior Court of

4    the State of California, County of Marin (the "State Court"), to the United States Bankruptcy

5    Court for the Northern District of California, Santa Rosa Division, pursuant to 28 U.S.C.

6    §1452(a) and Federal Rule of Bankruptcy Procedure ("FRBP") 9027.  In support of such removal,

7    Removing Defendants alleges as follows:

8         1.  On March 5, 2009, plaintiff Solstice, LLC ("Plaintiff" or "Solstice") and certain of

9    its affiliates (collectively, the "Debtors"), commenced Chapter 11 bankruptcy cases under Title

10   11 of the United States Code, 11 U.S.C. §§101 *et seq.* (the "Bankruptcy Code") by filing

11   Voluntary Petitions in the United States Bankruptcy Court for the Southern District of New York,

12   jointly administered under Case No. 09-11010 (REG) (the "Bankruptcy Case").  A true and

13   correct copy of Solstice's Voluntary Petition is attached hereto as Exhibit 1.  Pursuant to 11

14   U.S.C. §301(b), the filing of such Voluntary Petition constitutes an order for relief under Chapter

15   11 of the Bankruptcy Code.

16        2.  On August 14, 2009, Removing Defendant W&S filed a Proof of Claim in the

17   Debtors' Bankruptcy Case in the amount of $1,127,050.65 (the "Bankruptcy Claim") based on

18   legal services that Removing Defendant W&S provided to the Debtors (including work

19   performed by Removing Defendant Cohen), as reflected by invoices dated January 31, 2007

20   through April 28, 2009, as referenced in the Bankruptcy Claim.  A true and correct copy of the

21   Bankruptcy Claim is attached hereto as Exhibit 2.

22        3.  Plaintiff and the other Debtors apparently dispute W&S's Bankruptcy Claim based

23   on their listing a debt in the amount of $1,220,486.00 to W&S as "DISPUTED" in Schedule F

24   (Creditors Holding Unsecured Nonpriority Claims) filed in the Bankruptcy Case on May 18,

25   2009.  True and correct copies of relevant pages of the Schedules filed in the Bankruptcy Case are

26   attached hereto as Exhibit 3.

27        4.  On November 12, 2009, the Action was filed in the State Court, designated as

28   Case No. CIV 095755.  Removing Defendants W&S and Cohen were served with  copies of the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF REMOVAL PURSUANT TO 28                     - 2 -
U.S.C. SECTION 1452
Case: 09-01179   Doc# 1   Filed: 12/16/09   Entered: 12/16/09 18:43:07   Page 2 of 5

Case: 09-01186   Doc# 1-3   Filed: 12/23/09   Entered: 12/23/09 15:22:46   Page 3 of 22

1  Summons and Complaint on November 18, 2009 and November 25, 2009, respectively. True and

2  correct copies of the pleadings and process filed in the Action are attached hereto as Group

3  Exhibits 4 .

4      5. This Notice is filed within the time allowed for the removal of civil actions

5  pursuant to FRBP 9027(a)(3). Based on Removing Defendant W&S's receipt of the Summons

6  and Complaint in the Action on November 18, 2009, the deadline for Removing Defendant W&S

7  to file this notice of removal is December 18, 2009 pursuant to FRBP 9027(a)(3). Based on

8  Removing Defendant Cohen's receipt of the Summons and Complaint in the Action on November

9  25, 2009, the deadline for Removing Defendant Cohen to file this notice of removal is December

10  28, 2009 pursuant to FRBP 9027(a)(3) and 9006(a)(1).

11      6. The District Court (and the Bankruptcy Court which is a unit of that District

12  Court) have original jurisdiction over the Second Cause of Action in the Action pursuant to 28

13  U.S.C. §1334(b) in that the Action is a proceeding "…arising in or related to…" a case under the

14  Bankruptcy Code (the Bankruptcy Case), which is currently pending in the Southern District of

15  New York Bankruptcy Court.[1] The Second Cause of Action purports to allege "legal

16  malpractice" claims against Removing Defendants with respect to legal services provided by

17  Removing Defendants to the Debtors, which legal services are the very basis of the Bankruptcy

18  Claim filed by Removing Defendant W&S in the Bankruptcy Case (which includes services

19  performed by Removing Defendant Cohen). Specifically, the Second Cause of Action in the

20  Action, as to which Removing Defendants are the only named defendants, is entitled "Legal

21  Malpractice", and alleges, among other things, that Removing Defendants charged Debtor

22  Solstice "excessive fees." Ex. 4 at 6, ¶24 (emphasis in original).

23      7. The Second Cause of Action is removable to this Court pursuant to 28 U.S.C.

24  §1452(a)[2] in that it is a civil action (other than a proceeding before the United States Tax Court or

25

26  [1] Section 1334(b) provides, in relevant part: "the district courts shall have original but not exclusive jurisdiction of all
27  civil proceedings arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. §1334(b).
   [2] Section 1452(a) provides in relevant part: "A party may remove any claim or cause of action in a civil action . . . to
28  the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim
   or cause of action under section 1334 of this title." 28 U.S.C. §1452(a).

Ervin Braun • Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-0400

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1452
    - 3 -

Case: 09-01179   Doc# 1   Filed: 12/16/09   Entered: 12/16/09 18:43:07   Page 3 of 5

a civil action by a governmental unit to enforce such governmental unit's police or regulatory power) which is pending in a court that is located in the District of this Court, and, as discussed above, there is original District Court jurisdiction pursuant to 11 U.S.C. §1334(b).[3]

8. The Action is a "core proceeding" within the meaning of 28 U.S.C. §157(b), as it falls within each of the following categories (any one of which is sufficient to constitute a core proceeding):

> "matters concerning the administration of the estate" (28 U.S.C. §157(b)(2)(A));

> "allowance or disallowance of claims against the estate . . ." (28 U.S.C. §157(b)(2)(B));

> "counterclaims by the estate against persons filing claims against the estate" (28 U.S.C. §157(b)(2)(C)); and

> "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship . . ." (28 U.S.C. §157(b)(2)(O)).

9. Alternatively, the Action is, at minimum, "related" to the Bankruptcy Case within the meaning of 28 U.S.C. § 1334(b) because the **"the outcome of the proceeding could conceivably have an[] effect on the estate being administered in bankruptcy."** *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (emphasis in original) (internal quotations and citation omitted); *accord McGuire v. United States*, 550 F.3d 903, 912 (9th Cir. 2008). The outcome of the Second Cause of Action will at least conceivably (if not almost certainly) have an effect on the estate being administered in the Debtors' Bankruptcy Case. If the Plaintiff successfully recovers damages with respect to the Second Cause of Action, then this will presumably increase the assets available for distribution in the Bankruptcy Case. Moreover, the Second Cause of Action is tantamount to an objection by Plaintiff to W&S's Bankruptcy Claim and/or a counterclaim with respect thereto, as it alleges malpractice against the Removing Defendants with respect to the same legal services that are the basis of the Bankruptcy Claim. Indeed, while styled as a claim for legal malpractice, the Second Cause of action goes further and alleges that the fees charged by

---

[3] By separate motion, Removing Defendants intend to request this Court to transfer the removed Second Cause of Action to the Southern District of New York where Plaintiff's bankruptcy case is pending, pursuant to 28 U.S.C. 1412.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTION 1452    - 4 -

Removing Defendants were excessive. Consequently, adjudication of the Second Cause of

Action will necessarily implicate the allowance of the Bankruptcy Claim in the Debtors'

Bankruptcy Case, thereby directly affecting the administration of the Bankruptcy Case.

        10.    Removing Defendants certify that a copy of this Notice will be promptly

filed with the Clerk of the State Court and served on all parties to the Action pursuant to FRBP

9027(b) and (c).

Dated: December 16, 2009

Respectfully submitted,

FARELLA BRAUN + MARTEL LLP

MacCONAGHY & BARNIER, PLC

By: /s/ John H. MacConaghy
     John H. MacConaghy

Attorneys for Defendants
WINSTON & STRAWN LLP and
JONATHAN COHEN

25245\2116982.4

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1452

- 5 -

Case: 09-01179   Doc# 1   Filed: 12/16/09   Entered: 12/16/09 18:43:07   Page 5 of 5

Case: 09-01186   Doc# 1-3   Filed: 12/23/09   Entered: 12/23/09 15:22:46   Page 6 of 22

# Exhibit 1

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Solstice, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**DBA Solstice Collection** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**88-0517098** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**1 Beach Street**<br>**1st Floor**<br>**San Francisco, CA**<br>ZIP Code **94133** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**San Francisco** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box)

☐ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
■ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (if debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
■ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☐ Chapter 7
☐ Chapter 9
■ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
■ Debts are primarily business debts

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).
Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.
Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

■ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ■ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ■ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ■ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Solstice, LLC |

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  - None - | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>See Attached Schedule 1 | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition | (To be completed if debtor is an individual whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box)

☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

■   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l))

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Solstice, LLC** |

Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| **X** _____<br>Signature of Debtor<br><br>**X** _____<br>Signature of Joint Debtor<br><br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | **X** _____<br>Signature of Foreign Representative<br><br>_____<br>Printed Name of Foreign Representative<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| **X** /s/ Arthur J. Steinberg<br>Signature of Attorney for Debtor(s)<br><br>Arthur J. Steinberg<br>Printed Name of Attorney for Debtor(s)<br><br>King & Spalding LLP<br>Firm Name<br><br>1185 Avenue of the Americas<br>New York, NY 10036<br><br>Address<br><br>Email: asteinberg@kslaw.com<br>(212) 556-2100  Fax: (212) 556-2222<br>Telephone Number<br><br>March 5, 2009<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)<br><br>_____<br><br>_____<br>Address<br><br>**X** _____<br><br>_____<br>Date |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>**X** /s/ Carolynn Rockafellow<br>Signature of Authorized Individual<br><br>Carolynn Rockafellow<br>Printed Name of Authorized Individual<br><br>Chief Executive Officer<br>Title of Authorized Individual<br><br>March 5, 2009<br>Date | Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.* |

<u>Schedule 1</u>

The following list identifies all of the affiliated entities, including the Debtor filing this petition (collectively, the "Debtors"), that have filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, contemporaneously with the filing of this petition. The Debtors have filed a motion requesting that their chapter 11 cases be jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

1. Solstice, LLC
2. Solstice Ownership I, LLC
3. Solstice Ownership II, LLC
4. Solstice Ownership III, LLC
5. Solstice Ownership IV, LLC
6. Solstice Ownership V, LLC
7. Solstice Ownership VI, LLC
8. Solstice Ownership VII, LLC
9. Solstice Management, LLC
10. Sea Vision I, LLC
11. Parallel I LLC
12. Parallel Aspen, LLC
13. Parallel Management LLC
14. 163 Charles Street No. 4 New York, LLC
15. 163 Charles Street No. 5 New York, LLC

## CERTIFICATE OF RESOLUTION

I, Carolynn Rockafellow, Chief Executive Officer of Solstice, LLC, a Delaware limited liability company (the "Company"), hereby certify that the attached resolutions were duly adopted by the Company in accordance with the requirements of the Delaware Limited Liability Company Act, and that said resolutions have not been modified or rescinded, and are still in full force and effect on the date hereof:

IN WITNESS WHEREOF, I have hereunto set my hand this 5th day of March, 2009.

/s/ Carolynn Rockafellow
Carolynn Rockafellow
Chief Executive Officer of Solstice, LLC

WHEREAS, the Company's and its subsidiaries' secured loan facility with Fortress Credit Opportunities I, LP, Fortress Credit Funding III LP and Fortress Credit Funding IV LP, (collectively "Fortress") has been declared by Fortress to be in default and while negotiations with Fortress are in progress, the financial condition of the Company has continued to deteriorate and several creditors have obtained substantial arbitration awards against the Company which have been or are in the process of being converted into judgments; and

WHEREAS, the Board has reviewed and considered and received the recommendation of senior management of the Company and the advice of the Company's professionals and advisors, with respect to the options available to the Company including the possibility of pursuing a restructuring or sale of the Company's business and assets under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

NOW, THEREFORE, BE IT RESOLVED, that after consideration of the alternatives presented to the Board and the recommendation of the senior management of the Company and the advice of the Company's professionals and advisors, the Board has determined in its business judgment that it is in the best interests of the Company, its subsidiaries and their respective members, creditors, stakeholders and other interested parties that a voluntary petition be filed by the Company under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, and it is

FURTHER RESOLVED, that the Company retain and employ the law firm of King and Spalding LLP as counsel to assist the Corporation and its subsidiaries in filing for relief under chapter 11 of the Bankruptcy code and in carrying out the Company's duties under chapter 11 of the Bankruptcy Code and the officers of the Company are hereby authorized and directed to execute and perform retention agreements, pay retainers after the filing of the bankruptcy case and to cause to be filed an application for authority to retain the services of King and Spalding LLP as the Company's counsel; and it is

FURTHER RESOLVED, that Carolynn Rockafellow, the Company's Chief Executive Officer ("CEO") and the Company's executive officers (collectively "the Authorized Persons") be and each of them are hereby authorized empowered and directed to ( a) execute, verify and file on behalf of the Company and its subsidiaries, all documents necessary or appropriate in connection with the filing of said bankruptcy petition, including, without limitation, all petitions, affidavits, declarations, schedules, statements of financial affairs, lists, motions, applications, pleadings and other papers or documents in connection with such chapter 11 petition; (b) take and perform any and all actions deemed necessary and proper to obtain such relief as authorized herein and in connection with the Company's chapter 11 case;(c)appear as necessary at all bankruptcy proceedings on behalf of the Company; and ( d) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and it is

FURTHER RESOLVED, that the Authorized Persons are, and each of them is authorized and empowered to obtain post-petition financing according to the terms which

1

may be negotiated by the management of the Company, including debtor-in- possession credit facilities or the use of cash collateral, and to enter into any guarantees and to pledge and grant liens on the Company's and its subsidiaries' assets as may be contemplated by or required under the terms of such post- petition financing or cash collateral agreement or order; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents; and it is

FURTHER RESOLVED, that the Authorized Persons are, and each of them is authorized and empowered to enter into and perform a certain Debtor- In –Possession Credit Agreement between the Company and its subsidiary limited liability companies substantially in the form presented to the Board ( together with such changes and modifications as the Company's CEO shall approve), pursuant to which certain members of the Company's destination club ( "Club Members") will make loans to the Company of not less than $1,000,000 and not more than $1,500,000 secured by liens on the real estate properties and motor yacht owned by the Company and its subsidiaries junior only to the liens in favor of Fortress Credit Opportunities I LP, Fortress Credit Funding III LP and Fortress Credit Funding IV LP in such Collateral (the "Fortress Liens").

RESOLVED, that the acts, actions and transactions heretofore taken by the officers of the Company in the name of and on behalf of the Company in furtherance of the purposes and intents of any or all of the foregoing resolutions which acts, actions and transactions would have been approved by the foregoing resolutions except that such acts were taken before those resolutions were adopted, be and hereby are, ratified, confirmed and approved in all respects.

2

# EXHIBIT 2

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT  Southern District of New York | PROOF OF CLAIM |

| Name of Debtor: SOLSTICE, LLC et al. | Case Number: 09-11010 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): WINSTON & STRAWN LLP | ☐ Check this box to indicate that this claim amends a previously filed claim |

Name and address where notices should be sent:

Winston & Strawn, LLP
Attention: Jonathan M. Cohen
101 California Street, 39th Floor, San Francisco, CA 94111

Telephone number:
(415) 591-1000

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 1,127,050.65

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4

If all or part of your claim is entitled to priority, complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges

**2. Basis for Claim:**  Services performed
(See instruction #2 on reverse side.)

**3.** Last four digits of any number by which creditor identifies debtor: _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property:$_____  Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C §507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C §507 (a)(4)

☐ Contributions to an employee benefit plan – 11 U S C §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U S C §507 (a)(8)

☐ Other – Specify applicable paragraph of 11 U S C §507 (a)(__)

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 08/14/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ATTACHMENT 1

### Supporting Documents

Due to the voluminous nature of the outstanding invoices and concerns related to the attorney-client privilege, Winston & Strawn LLP provides the following summary of outstanding charges by month invoiced. The Debtor received copies of these invoices each month as charges were incurred and received an additional copy of the outstanding invoices in January 2009.

| Invoice Number | Date of Invoice | Amount | Credits | Total Due |
|---|---|---|---|---|
| 1980106 | January 31, 2007 | 339.00 | 0.00 | 339.00 |
| 1975412 | March 21, 2007 | 490.50 | 0.00 | 490.50 |
| 1975410 | April 6, 2007 | 22,459.58 | 0.00 | 22,459.58 |
| 1978212 | April 6, 2007 | 358.22 | 0.00 | 358.22 |
| 1978213 | April 6, 2007 | 29,458.78 | 0.00 | 29,458.78 |
| 1978215 | April 6, 2007 | 7,330.50 | 0.00 | 7,330.50 |
| 1983753 | April 30, 2007 | 25,733.43 | 0.00 | 25,733.43 |
| 1984336 | April 30, 2007 | 29,248.32 | 0.00 | 29,248.32 |
| 1988120 | May 31, 2007 | 797.05 | 0.00 | 797.05 |
| 1988762 | May 31, 2007 | 478.00 | 0.00 | 478.00 |
| 1988763 | May 31, 2007 | 44,140.35 | 0.00 | 44,140.35 |
| 1992772 | June 28, 2007 | 106,085.55 | 0.00 | 106,085.55 |
| 1992878 | June 28, 2007 | 381.50 | 0.00 | 381.50 |
| 1994722 | July 11, 2007 | 117.50 | 0.00 | 117.50 |
| 1994721 | July 11, 2007 | 12,874.98 | 0.00 | 12,874.98 |
| 2002285 | August 24, 2007 | 5,956.94 | 0.00 | 5,956.94 |
| 2006438 | September 21, 2007 | 3,026.50 | (722.83) | 2,303.67 |
| 2006443 | September 21, 2007 | 6,296.02 | 0.00 | 6,296.02 |
| 2006448 | September 21, 2007 | 272.50 | 0.00 | 272.50 |
| 2011770 | October 24, 2007 | 1,345.10 | 0.00 | 1,345.10 |
| 2011772 | October 24, 2007 | 457.50 | 0.00 | 457.50 |
| 2011773 | October 24, 2007 | 6,368.67 | 0.00 | 6,368.67 |
| 2011774 | October 24, 2007 | 2,477.00 | 0.00 | 2,477.00 |
| 2016445 | November 21, 2007 | 1,267.00 | 0.00 | 1,267.00 |
| 2016454 | November 21, 2007 | 325.00 | 0.00 | 325.00 |
| 2016458 | November 21, 2007 | 118.89 | 0.00 | 118.89 |
| 2016459 | November 21, 2007 | 4,756.90 | 0.00 | 4,756.90 |
| 2021450 | December 18, 2007 | 1.12 | 0.00 | 1.12 |
| 2021451 | December 18, 2007 | 3,154.31 | 0.00 | 3,154.31 |
| 2021454 | December 18, 2007 | 54.50 | 0.00 | 54.50 |
| 2025096 | January 11, 2008 | 21,798.40 | (20,527.10) | 1,271.30 |
| 2026169 | January 15, 2008 | 218.00 | 0.00 | 218.00 |
| 2026176 | January 15, 2008 | 31,567.92 | 0.00 | 31,567.92 |
| 2026179 | January 15, 2008 | 381.50 | 0.00 | 381.50 |
| 2026768 | January 17, 2008 | 28,207.96 | (3,440.00) | 24,767.96 |
| 2031221 | February 20, 2008 | 498.25 | 0.00 | 498.25 |
| 2031228 | February 20, 2008 | 8,427.32 | 0.00 | 8,427.32 |
| 2031229 | February 20, 2008 | 6,601.50 | 0.00 | 6,601.50 |
| 2031230 | February 20, 2008 | 135.74 | 0.00 | 135.74 |

1

| Invoice Number | Date of Invoice | Amount | Credits | Total Due |
|---|---|---|---|---|
| 2036824 | March 26, 2008 | 1,480.50 | 0.00 | 1,480.50 |
| 2036825 | March 28, 2008 | 11,917.00 | 0.00 | 11,917.00 |
| 2036827 | March 26, 2008 | 7,178.80 | 0.00 | 7,178.80 |
| 2036826 | March 26, 2008 | 8,627.67 | 0.00 | 8,627.67 |
| 2036829 | March 26, 2008 | 300.00 | 0.00 | 300.00 |
| 2041211 | April 28, 2008 | 540.00 | 0.00 | 540.00 |
| 2041216 | April 28, 2008 | 195.61 | 0.00 | 195.61 |
| 2041218 | April 28, 2008 | 40,134.54 | 0.00 | 40,134.54 |
| 2041219 | April 28, 2008 | 11,701.46 | 0.00 | 11,701.46 |
| 2041221 | April 28, 2008 | 22,021.09 | 0.00 | 22,021.09 |
| 2041223 | April 28, 2008 | 1,231.00 | 0.00 | 1,231.00 |
| 2045818 | May 27, 2008 | 0.65 | 0.00 | 0.65 |
| 2045819 | May 27, 2008 | 18,596.61 | 0.00 | 18,596.61 |
| 2045820 | May 27, 2008 | 7,498.95 | 0.00 | 7,498.95 |
| 2045823 | May 27, 2008 | 463.00 | 0.00 | 463.00 |
| 2046363 | May 30, 2008 | 69,470.52 | 0.00 | 69,470.52 |
| 2050468 | June 26, 2008 | 1,080.00 | 0.00 | 1,080.00 |
| 2050471 | June 26, 2008 | 7,026.00 | 0.00 | 7,026.00 |
| 2050472 | June 26, 2008 | 49,639.10 | 0.00 | 49,639.10 |
| 2050473 | June 26, 2008 | 10,318.59 | 0.00 | 10,318.59 |
| 2054480 | July 21, 2008 | 240.00 | 0.00 | 240.00 |
| 2054481 | July 21, 2008 | 71,526.10 | (44,288.96) | 27,237.14 |
| 2054482 | July 21, 2008 | 1,515.00 | 0.00 | 1,515.00 |
| 2054483 | July 21, 2008 | 93,766.07 | 0.00 | 93,766.07 |
| 2054484 | July 21, 2008 | 18,756.92 | 0.00 | 18,756.92 |
| 2057223 | August 12, 2008 | 69,636.92 | 0.00 | 69,636.92 |
| 2057224 | August 12, 2008 | 102.00 | 0.00 | 102.00 |
| 2057226 | August 12, 2008 | 6,610.25 | 0.00 | 6,610.25 |
| 2057227 | August 12, 2008 | 1,096.12 | 0.00 | 1,096.12 |
| 2064467 | September 26, 2008 | 39,697.00 | 0.00 | 39,697.00 |
| 2064468 | September 26, 2008 | 153.00 | 0.00 | 153.00 |
| 2064469 | September 26, 2008 | 1,863.58 | 0.00 | 1,863.58 |
| 2064470 | September 26, 2008 | 31,173.00 | 0.00 | 31,173.00 |
| 2069324 | October 28, 2008 | 40,732.99 | 0.00 | 40,732.99 |
| 2069326 | October 28, 2008 | 156.00 | 0.00 | 156.00 |
| 2069327 | October 28, 2008 | 1,328.42 | 0.00 | 1,328.42 |
| 2069328 | October 28, 2008 | 4,930.55 | 0.00 | 4,930.55 |
| 2074548 | November 24, 2008 | 44,865.14 | 0.00 | 44,865.14 |
| 2074553 | November 24, 2008 | 3,407.84 | 0.00 | 3,407.84 |
| 2078441 | December 8, 2008 | 45,555.93 | 0.00 | 45,555.93 |
| 2078443 | December 8, 2008 | 183.00 | 0.00 | 183.00 |
| 2078445 | December 8, 2008 | 8,127.10 | 0.00 | 8,127.10 |
| 2078446 | December 8, 2008 | 343.00 | 0.00 | 343.00 |
| 2081688 | January 6, 2009 | 1,351.68 | 0.00 | 1,351.68 |
| 2081689 | January 8, 2009 | 10,681.06 | 0.00 | 10,681.06 |
| 2082795 | January 8, 2009 | 6.50 | 0.00 | 6.50 |
| 2090152 | February 27, 2009 | 1,430.93 | 0.00 | 1,430.93 |

| Invoice Number | Date of Invoice | Amount | Credits | Total Due |
|---|---|---|---|---|
| 2090156 | February 27, 2009 | 719.71 | 0.00 | 719.71 |
| 2090157 | February 27, 2009 | 10,267.36 | 0.00 | 10,267.36 |
| 2090159 | February 27, 2009 | 123.00 | 0.00 | 123.00 |
| 2093802 | March 24, 2009 | 1,257.64 | 0.00 | 1,257.64 |
| 2093803 | March 31, 2009 | 430.50 | 0.00 | 430.50 |
| 2099270 | April 28, 2009 | 566.34 | 0.00 | 566.34 |

TOTAL OUTSTANDING                                                        $1,127,050.65

# ATTACHMENT 2

## Identification of Debtors

Winston & Strawn LLP performed work on behalf of all of the Debtor entities:

| | |
|---|---|
| Solstice, LLC | Case No. 09-11010 |
| 163 Charles St. No. 4 New York, LLC | Case No. 09-11011 |
| 163 Charles St. No. 5 New York, LLC | Case No. 09-11012 |
| Parallel Aspen, LLC | Case No. 09-11013 |
| Parallel Management, LLC | Case No. 09-11014 |
| Sea Vision I, LLC | Case No. 09-11015 |
| Solstice Management, LLC | Case No. 09-11016 |
| Solstice Ownership I, LLC | Case No. 09-11017 |
| Solstice Ownership II, LLC | Case No. 09-11018 |
| Solstice Ownership III, LLC | Case No. 09-11019 |
| Solstice Ownership IV, LLC | Case No. 09-11020 |
| Solstice Ownership V, LLC | Case No. 09-11021 |
| Solstice Ownership VI, LLC | Case No. 09-11022 |
| Solstice Ownership VII, LLC | Case No. 09-11023 |
| Parallel I, LLC | Case No. 09-11024 |
| Solstice Ownership 7, S.r.l. | Case No. 09-13745 |

As such, each is jointly and severally liable for the full amount owed.

4

# EXHIBIT 3

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an 'X' in the column labeled 'Codebtor', include the entity on the appropriate schedule of creditors, and complete Section H – Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing 'H', 'W', 'J', or 'C' in the column labeled Husband, Wife, Joint or Community

If the claim is contingent, place an 'X' in the column labeled 'Contingent'. If the claim is unliquidated, place an 'X' in the column labeled 'Unliquidated'. If the claim is disputed, place an 'X' in the column labeled 'Dispute'. (You may need to place an 'X' in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled 'Total' on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITORS NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT, UNLIQUIDATED, DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| ABCD SODERBERG<br>PO BOX 7894<br>ASPEN, CO 81612 | 02/20/09 | | 126.00 |
| AL'S WINDOW CLEANING<br>PO BOX 7893<br>ASPEN, CO 81612 | 01/28/09 | | 590.00 |
| ALDASORO RANCH HOMEOWNERS COMPANY<br>PO BOX 1650<br>307 SOCIETY DRIVE #C<br>TELLURIDE, CO 81435 | 02/02/09 | | 6,765.00 |
| Alexander Hartman<br>POB 3660<br>Telluride, CO 81435 | 12/30/08 | | 2,265.00 |
| AMERICAN EXPRESS<br>BOX 0001<br>LOS ANGELES, CA 90096-0001 | 12/05/08 | DISPUTED | 37,387.25 |
| AMERICAN EXPRESS<br>BOX 0001<br>LOS ANGELES, CA 90096-0001 | 12/05/08 | DISPUTED | 20,384.58 |
| Andrew Harper<br>600 Congress Avenue<br>Suite 1400<br>Austin, TX 78701 | N/A | DISPUTED | 1,008,000.00 |
| APPLIANCE CONNECTION<br>PO BOX 1961<br>RIFLE, CO 81650 | 01/29/09 | | 211.51 |
| ARCHITECTURAL RESTORATION<br>PO BOX 3870<br>YOUNTVILLE, CA 94599 | 11/19/08 | | 1,450.00 |
| Arrowhead<br>PO Box 856158<br>Louisville, KY 40285-6158 | 02/26/09 | | 100.00 |
| ASPEN APPRAISAL GROUP, LTD c/o Rita Cote<br>668 Crescent Court, Grd Jct<br>Aspen, CO 81505 | 12/29/08 | | 518.00 |