**IRRELEVANT PAGES OMITTED**

| | | | |
|---|---|---|---|
| TUB TECH SPAS, LLC<br>PO BOX 10<br>135 W. PACIFIC AVE., UNIT #1-D<br>TELLURIDE, CO 81435 | 02/28/09 | | 80.00 |
| TWO MAN CREW, INC.<br>423 ESCALANTE<br>CARBONDALE, CO. 81623 | 01/27/09 | | 41,967.06 |
| US Business Interiors of AZ<br>5005 E Washington St<br>Phoenix, AZ 85034 | N/A | | 379.21 |
| VANGUARD LOGISTICS SERVICES<br>2665 E. DEL AMO BLVD.<br>RANCHO DOMINGUEZ, CA 90221 | 12/19/08 | | 183.31 |
| Victoria Sebastiani, Trustee<br>21260 Hyde Rd<br>Sonoma CA 95476-9582 | 03/01/09 | DISPUTED | 58,075.00 |
| Vinculum Communications Inc.<br>9255 Towne Centre Dr. Suite 925<br>San Diego, CA 92121-3066 | 01/09/09 | | 122.60 |
| Weinstock & Scavo, P.C<br>3405 Piedmont Road, N.E. Suite 300<br>Atlanta, GA  30305 | N/A | DISPUTED | 22,190.31 |
| Wells Fargo Financial Leasing<br>P.O. Box 6434<br>Carol Stream, IL 60197-6434 | 02/03/09 | | 1,906.38 |
| WESTERN SLOPE CLEANING CO.<br>434 E. MAIN ST. STE. 101<br>MONTROSE, CO. 81401 | N/A | | 1,134.00 |
| WINSTON & STRAWN LLP<br>36235 TREASURY CENTER<br>CHICAGO, IL 60694-6200 | N/A | DISPUTED | 1,220,486.00 |
| Wolff Highland Park, LLC<br>4725 N. Scottsdale Rd. Suite 241<br>Scottsdale, AZ 85251 | 02/09/09 | DISPUTED | 16,827.50 |
| YOUNG SERVICES, LLC<br>PO BOX 944<br>GLENWOOD SPRINGS, CO 81602 | 02/20/09 | | 2,349.46 |
| | | Total | 5,739,901.30 |

See Global Notes Regarding Member Claims.

**EXHIBIT 4**



1   Joseph W. Carcione, Jr., Esq. (State Bar No. 056693)
    Joshua S. Markowitz, Esq. (State Bar No. 224256)

2   CARCIONE, CATTERMOLE, DOLINSKI,
    OKIMOTO, STUCKY, UKSHINI,

3   MARKOWITZ & CARCIONE, L.L.P.
    601 Brewster Avenue

4   P.O. Box 3389
    Redwood City, CA 94064

5   Telephone: (650) 367-6811
    Facsimile: (650) 367-0367

6

7   Attorneys for Plaintiff

8

9

**FILED**

**NOV 1 2 2009**

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: D. Taylor Deputy

10        SUPERIOR COURT OF THE STATE OF CALIFORNIA

11          FOR THE COUNTY OF MARIN

12                                         **BY FAX**

13   Solstice, LLC                 Case No.   CIV 095755

14             Plaintiff,

15   vs.                        <u>COMPLAINT</u> FOR DAMAGES

16                        DEMAND FOR JURY TRIAL

17   Graham Kos; Tim Wolff; Tim Weller;
    Chad Morse; James Kime; Shay LLC;

18   Beale LLC; Winston & Strawn LLP;
    Jonathan Cohen; Novogradac & Company

19   LLP; Jon Krabbenschmidt; Shay Kos; and
    DOES 1 through 400.

20            Defendants.

21

22

23

24

25

26

27

28

172745 / lgv

1.

Complaint for Damages

## INTRODUCTION

Plaintiff brings this action against defendants by and through their attorneys, Carcione, Cattermole, Dolinski, et al., and make the following allegations on information and belief;

## PARTIES

1.    Plaintiff SOLSTICE, LLC (hereafter "SOLSTICE"), is a Limited Liability Corporation organized under the laws of Delaware, and is engaged in the business of operating a high-end "vacation club", which provides access to its members to premier vacation properties located around the world.

2.    Defendant Graham Kos is a natural person, and resident of Marin County, California, who was formerly CEO of SOLSTICE, LLC, and was a member of the Board of Directors for SOLSTICE, LLC when the acts and omissions described herein occurred.

3.    Defendant Tim Wolff is a natural person, and was a member of the Board of Directors for SOLSTICE, LLC when the acts and omissions described herein occurred.

4.    Defendant Tim Weller is a natural person, and was a member of the Board of Directors for SOLSTICE, LLC when the acts and omissions described herein occurred.

5.    Defendant Chad Morse is a natural person, and was a member of the Board of Directors for SOLSTICE, LLC when the acts and omissions described herein occurred.

6.    Defendant James Kime is a natural person, and was the comptroller of SOLSTICE, LLC when the acts and omissions described herein occurred.

7.    Defendant Shay LLC, is a Limited Liability Corporation organized under the laws of Delaware, which holds all of Solstice LLC's Class B Shares.

8.    Defendant Beale LLC, is a Limited Liability Corporation organized under the laws of Delaware.

9.    Plaintiff is informed and believes and thereon alleges that there exists, and at all times herein mentioned there existed, a unity of interest and ownership between the Defendant Graham Kos, on the one hand and Beale LLC, Shay LLC, and DOES 1-100, on the other hand, such that any individuality and separateness between these defendants have ceased, and that

1　Graham Kos is the alter ego of Beale LLC, Shay LLC, and DOES 1-100 in that: Graham Kos

2　completely controlled, dominated, managed, and operated Beale LLC, Shay LLC, and DOES 1-

3　100; and Beale LLC, Shay LLC, and DOES 1-100 are a mere shell, instrumentality, and

4　conduit through which Graham Kos conducted its business.

5　　　　10.　　Adherence to the fiction of the separate existence of Graham Kos, on the one

6　hand, and Beale LLC, Shay LLC, and DOES 1-100, on the other, would permit an abuse of the

7　corporate privilege and would promote injustice in that an assessment of punitive or exemplary

8　damages in California requires the defendant's net worth to be considered by the trier of fact so

9　that the penalty imposed will adequately serve the State's interests in punishment and

10　deterrence, and since at all times Beale LLC, Shay LLC, and DOES 1-100 were acting only as

11　the alter ego of Graham Kos, Graham Kos's net worth must be the basis of any punitive or

12　exemplary damages awarded in this case.

13　　　　11.　　Defendant Winston & Strawn LLP is a law firm organized as a Limited Liability

14　Partnership, and represented SOLSTICE, LLC when the acts and omissions described herein

15　occurred.

16　　　　12.　　Defendant Jonathan Cohen is a natural person, and an attorney with Defendant

17　Winston & Strawn LLP.

18　　　　13.　　Defendant Novogradac & Company LLP is an accounting firm organized as a

19　Limited Liability Partnership, and was employed by SOLSTICE, LLC when the acts and

20　omissions described herein occurred.

21　　　　14.　　Defendant Jon Krabbenschmidt is a natural person, and a Certified Public

22　Accountant employed by Defendant Novogradac & Company LLP.

23　　　　15.　　Defendant Shay Kos is a natural person, and was the recipient of unjust

24　enrichment at SOLSTICE, LLC's expense.

25　　　　16.　　Plaintiffs do not know the true names of the defendants sued herein as DOES 1

26　through 500. Plaintiffs are informed and believe and thereon allege, that each of the defendants

27　designated herein as a DOE is responsible in some manner for the events and happenings

28　herein referred to, and caused injury and damages proximately thereby to the plaintiffs as

172745 / lgv

3.

Complaint for Damages

1  herein alleged. Wherever in this complaint any defendant is the subject of any charging

2  allegation by plaintiffs, it shall be deemed that said defendants, DOES 1 through 500,

3  inclusive, and each of them, are likewise the subject of said charging allegation.

4      17.    At all relevant times, each of the Defendants was the agent, employee, servant,

5  representative, and/or alter ego of the remaining Defendants, and acted or omitted to act within

6  the purpose and scope of such agency, employment or other relationship. The misconduct

7  alleged herein of each of the Defendants was committed by and through their officers,

8  directors, and/or managing agents and/or employees, and/or was authorized and/or ratified by

9  their officers, directors, and/or managing agents and/or employees.

10

11                  **COMMON ALLEGATIONS**

12      18.    In or around December 2003, Defendant Kos and other investors formed

13  Solstice LLC, with the intent of establishing a high-end "vacation club", which would seek to

14  obtain exclusive luxury properties around the world. Members, upon payment of a deposit,

15  would have access to these properties.

16      19.    As of March of 2009, when SOLSTICE LLC filed for bankruptcy protection

17  due to the acts of mismanagement, negligence, self-dealing, fraud and legal malpractice

18  described herein, SOLSTICE LLC had approximately 90 members and fourteen luxury

19  properties. These members had paid approximately $70,000,000 in deposits. Based upon the

20  membership agreement, SOLSTICE LLC was pledged to keep at least 80% of this amount in

21  assets on the balance sheet at any given time. An individual member was also entitled to a

22  refund of their deposit within one year of canceling their membership.

23

24                  **FIRST CAUSE OF ACTION**

25                  **(Breach of Fiduciary Duty)**

26      As a separate and distinct First Cause of Action, Plaintiff SOLSTICE, LLC, complains

27  against Defendants Graham Kos, Tim Wolff, Tim Weller, Chad Morse, James Kline, Shay

28  LLC, Beale LLC, and DOES 1 through 500, and alleges the following on information and

172745 / lgv

4.

Complaint for Damages

1  belief:

2      20.    Defendants Graham Kos, Tim Wolff, Tim Weller, Chad Morse, James Klime,

3  Shay LLC, Beale LLC, and DOES 1 through 500, were at all relevant times directors and

4  officers of Plaintiff SOLSTICE, and as such owed SOLSTICE a fiduciary duty to exercise

5  reasonable care in the management of SOLSTICE, and to avoid wasting company assets.

6      21.    Defendants Graham Kos, Tim Wolff, Tim Weller, Chad Morse, James Klime, ,

7  Shay LLC, Beale LLC, and DOES 1 through 500, breached this fiduciary duty by:

8      A.    Negligently failing to maintain proper financial records, including audited

9          financial statements, despite being required to do so by the agreements with

10          members;

11      B.    Negligently authorizing excess payments for legal services;

12      C.    Negligently incurring grossly excessive administrative expenses;

13      D.    Making improper loans to officers and directors, including Kos;

14      E.    Negligently authorizing excessive payments to Shay Kos for decorating

15          services, based upon her personal relationship with Graham Kos, and despite

16          her complete lack of experience or qualifications;

17      F.    Negligently failing to account for the acquisition and disposition of SOLSTICE

18          property;

19      G.    Negligently entering into a loan with Fortress Credit Corp. that had terms that

20          could not possibly have been met by SOLSTICE, thus guaranteeing SOLSTICE

21          would default on the loan; and

22      H.    Committing general waste and mismanagement.

23      22.    As a direct and proximate result of those breaches of fiduciary duty described

24  above, SOLSTICE LLC has been damaged. Those damages include, but are not limited to:

25      A.    Financial losses that cannot currently be determined, because current

26          management is attempting to mitigate these losses caused by Defendants, but

27          are believed to be approximately $70,000,000;

28      B.    A loss of reputation and good will, which is both causing SOLSTICE to lose

172745 / lgv

5.

Complaint for Damages

current members, and inhibiting SOLSTICE's ability to attract new members; and

C.     Causing SOLSTICE to file for bankruptcy protection.

Wherefore, Plaintiff prays for judgment against Defendants Graham Kos, Tim Wolff, Tim Weller, Chad Morse, James Klime, Shay LLC, Beale LLC, and DOES 1 through 500, and each of them, as set forth here in this Complaint below.

## SECOND CAUSE OF ACTION

### (Legal Malpractice)

As a separate and distinct Second Cause of Action, Plaintiff SOLSTICE, LLC, complains against Defendants Winston & Strawn, Jonathan Cohen, and DOES 101 through 200, and alleges the following on information and belief:

23.     Plaintiff adopts and incorporates by reference Paragraphs 1 through 22, inclusive, as if fully set forth here.

24.     Defendants Winston & Strawn, Jonathan Cohen, and DOES 101 through 200, were retained by SOLSTICE for purposes of providing legal advice and services. Said Defendants, and each of them, failed to exercise reasonable care and skill in providing legal advice and services, *including but not limited to*:

A.     Negligently failing to advise Solstice's officers and directors to maintain proper financial records, including audited financial statements, as SOLSTICE was required to do by the agreements with members;

B.     Charging excessive amounts for legal services;

C.     Negligently failing to advise Solstice's officers and directors to avoid incurring grossly excessive administrative expenses;

D.     Negligently failing to advise Solstice's officers and directors to avoid making improper loans to officers and directors, including Kos;

E.     Negligently failing to advise against entering into a loan with Fortress Credit Corp. that had terms that could not possibly have been met by SOLSTICE, thus

6.

Complaint for Damages

172745 / lgv

1       guaranteeing SOLSTICE would default on the loan; and

2      F.     Negligently failing to advise Solstice's officers and directors that certain

3          officers and directors were committing general waste and mismanagement.

4      25.     Plaintiffs are informed and believe, and thereon allege, that had Defendants

5 Winston & Strawn, Jonathan Cohen, and DOES 102 through 200, exercised reasonable care

6 and skill in providing legal advice and services that many of the damages identified in

7 Paragraph 20 could have been avoided.

8      26.     As a proximate and legal result of said Defendants failure to exercise reasonable

9 care and skill Plaintiff suffered damages in a sum according to proof at trial.

10      Wherefore, Plaintiff prays for judgment against Defendants Winston & Strawn,

11 Jonathan Cohen, and DOES 101 through 200,, and each of them, as set forth here in this

12 Complaint below.

13

14                  **THIRD CAUSE OF ACTION**

15                  (Accountant Malpractice)

16      As a separate and distinct Third Cause of Action, Plaintiff SOLSTICE, LLC, complains

17 against Defendants Novogradac & Company LLP, and Jon Krabbenschmidt, and DOES 201

18 through 300, and alleges the following on information and belief:

19      27.     Plaintiff adopts and incorporates by reference Paragraphs 1 through 26,

20 inclusive, as if fully set forth here.

21      28.     Defendants Novogradac & Company LLP, and Jon Krabbenschmidt, and DOES

22 201 through 300, were retained by SOLSTICE for purposes of providing accounting services.

23 Said Defendants, and each of them, failed to exercise reasonable care and skill in providing

24 accounting services, *including but not limited to:*

25      A.     Negligently failing to advise Solstice's officers and directors to maintain proper

26          financial records, including audited financial statements, as SOLSTICE was

27          required to do by the agreements with members;

28      B.     Charging excessive amounts for accounting services;

172745 / lgv

7.

Complaint for Damages

C.  Negligently failing to advise Solstice's officers and directors that SOLSTICE was incurring grossly excessive administrative expenses;

D.  Negligently failing to advise Solstice's officers and directors that improper loans to officers and directors, including Kos, were being made;

E.  Negligently failing to advise against entering into a loan with Fortress Credit Corp. that had terms that could not possibly have been met by SOLSTICE, thus guaranteeing SOLSTICE would default on the loan; and

F.  Negligently failing to advise Solstice's officers and directors that certain officers and directors were committing general waste and mismanagement.

29.  Plaintiffs are informed and believe, and thereon allege, that had Defendants Novogradac & Company LLP, and Jon Krabbenschmidt, and DOES 201 through 300, exercised reasonable care and skill in providing accounting services that many of the damages identified in Paragraph 20 could have been avoided.

30.  As a proximate and legal result of said Defendants failure to exercise reasonable care and skill Plaintiff suffered damages in a sum according to proof at trial.

Wherefore, Plaintiff prays for judgment against Defendants Novogradac & Company LLP, and Jon Krabbenschmidt, and DOES 201 through 300, and each of them, as set forth here in this Complaint below.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

As a separate and distinct Fourth Cause of Action, Plaintiff SOLSTICE, LLC, complains against Defendants Shay Kos, and DOES 301 through 400, and alleges the following on information and belief:

31.  Plaintiff adopts and incorporates by reference Paragraphs 1 through 31, inclusive, as if fully set forth here.

32.  Defendant Shay Kos is the wife of Defendant Graham Kos, and relied upon that personal relationship to secure employment as an interior designer that she did not have the experience or qualifications for. Defendant Shay Kos, and Does 301 through 400, further

1   billed exorbitant amounts and inflated costs, all to benefit herself financially, at the expense of

2   SOLSTICE, LLC.

3       33.    As a proximate and legal result of said Defendants conduct Defendants have

4   been unjustly enriched at SOLSTICE, LLC's expense in a sum according to proof at trial.

5

6   <u>REQUESTED RELIEF</u>

7       34.    WHEREFORE, Plaintiff prays for judgement against Defendants, and each of

8   them, as follows:

9       1.    General damages in an amount according to proof at trail;

10      2.    All special and incidental damages, according to proof at trial;

11      3.    Economic and non-economic damages, according to proof at trial;

12      4.    Reasonable attorneys' fees, as permitted by law according to proof at trial;

13      5.    All costs of suit;

14      6.    Interest as available under applicable law; and

15      7.    Such other and further relief as the Court deems proper.

16  <u>DEMAND FOR A JURY TRIAL</u>

17      Plaintiff hereby demands a trial by jury on each cause of action pled in this complaint.

18

19  DATE: NOVEMBER 12, 2009        CARCIONE, CATTERMOLE, DOLINSKI,

20          OKIMOTO, STUCKY, UKSHINI,

        MARKOWITZ & CARCIONE, LLP

21

22      By:

23          Attorneys for Plaintiffs

24

25

26

27

28

172745 / lgv

9.

Complaint for Damages

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

NOTICE TO DEFENDANT: Graham Kos; Tim Wolff; Tim
(AVISO AL DEMANDADO): Weller; Chad Morse; James Kime;
Shay LLC; Beale LLC; Winston & Strawn LLP; Jonathan
Cohen; Novogradac & Company LLP; Jon Krabbenschmidt;
Shay Kos; and DOES 1 through 400

YOU ARE BEING SUED BY PLAINTIFF: Solstice, LLC
(LO ESTÁ DEMANDANDO EL DEMANDANTE):



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**

NOV 13 2009

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: S. Bond, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER: (Número del Caso): CIV095755 |
|---|---|

3501 Civic Center Drive

San Rafael, California 94903

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Joseph W. Carcione, Jr., Esq. (SBN 056693)       (650) 367-6811  (650) 367-0367
Joshua S. Markowitz, Esq. (SBN 224256)
Carcione, Cattermole, Dolinski, et al. **KIM TURNER**       **S. BOND**
Redwood City, CA 94064

| DATE: (Fecha) | NOV 13 2009 | Clerk, by (Secretario) | , Deputy (Adjunto) |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Winston & Strawn LLP

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☑ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 | Page 1 of 1 |

  

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
P.O. Box 4988
San Rafael, CA 94913-4988

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: D. Taylor Deputy

| | |
|---|---|
| PLAINTIFF: Solstice, LLC | CASE NO. CIV 095755 |
| vs. | NOTICE OF CASE |
| DEFENDANT: Graham Kos, et al. | MANAGEMENT CONFERENCE (CIVIL) |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge _Sutro_
Department _4_. This assignment is for all purposes.

MCSC Civil Rule 1.18 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1. IT IS ORDERED that the parties/counsel to this action shall:

   a. Comply with the filing and service deadlines in MCSC Civil Rules 1.18 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

   Hearing on Failure to File Proof of Service    01/29/10    8:30 A.M.

   Hearing on Failure to Answer    03/02/10    8:30 A.M.

   b. Appear for a Case Management Conference on    04/13/10    8:30 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. Counsel must discuss ADR options with their clients prior to attending the CMC and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC. (A $49.00 sanction will be charged for late filing of a statement.)

   Case Management Statement must be filed by    03/29/10

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

CV008    NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)    Rev. 8/07

| MARIN SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN | | |
|---|---|---|
| SOLSTICE, LLC<br>Plaintiff(s)<br><br>VS.<br><br>GRAHAM KOS, ET AL<br>Defendant(s) | DATE FILED: | 11/12/2009 |
| | CASE TYPE: | Civil Complaint |
| | CASE SUBTYPE: | Contract/Money/Damages |
| | DATE OF LAST ACTIVITY: | 11/17/2009. |
| | DATE/TIME RUN: | 12/15/2009 10:15am |
| REGISTER OF ACTIONS | CASE NUMBER: | CIV 095755 |

NVOLVED PERSON/PARTY AND ATTORNEY SUMMARY:

SOLSTICE, LLC is the Plaintiff and is represented by: MARKOWITZ, JOSHUA S.

KOS, GRAHAM is the Defendant and is represented by:

WOLFF, TIM is the Defendant and is represented by:

WELLER, TIM is the Defendant and is represented by:

MORSE, CHAD is the Defendant and is represented by:

KIME, JAMES is the Defendant and is represented by:

SHAY LLC is the Defendant and is represented by:

BEALE LLC is the Defendant and is represented by:

WINSTON & STRAWN LLP is the Defendant and is represented by:

COHEN, JONATHAN is the Defendant and is represented by:

NOVOGRADAC & COMPANY LLP is the Defendant and is represented by:

KRABBENSCHMIDT, JON is the Defendant and is represented by:

KOS, SHAY is the Defendant and is represented by:

REGISTER OF ACTIONS:

| | |
|---|---|
| 11/12/2009 | CASE OPEN / ACTIVE STATUS Hon. John A. Sutro Jr. |
| 11/12/2009 | FILING FEE PROCESSED: PLTF, SOLSTICE, LLC - 355.00 |
| 11/12/2009 | COMPLAINT/FIRST PAPER COMPLAINT FOR DAMAGES |
| 11/12/2009 | SUMMONS ISSUED AND FILED |
| 11/17/2009 | HEARING CONFIRMED FOR: 01/29/2010 AT: 08:30 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: D13 |
| 11/17/2009 | HEARING CONFIRMED FOR: 03/02/2010 AT: 08:30 AM FOR APPEARANCE TYPE: OSCH IN DEPARTMENT: D13 |
| 11/17/2009 | HEARING CONFIRMED FOR: 04/13/2010 AT: 08:30 AM FOR APPEARANCE TYPE: CMGT IN DEPARTMENT: D13 |

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State bar number, and address):
Joseph W. Carcione, Jr., Esq. (SBN 056693)
Joshua S. Markowitz, Esq. (SBN 224256)
Carcione, Cattermole, Dolinski, et al.
601 Brewster Avenue, P.O. Box 3389
Redwood City, CA 94064
TELEPHONE NO.: (650) 367-6811   FAX NO.: (650) 367-0367
ATTORNEY FOR (Name): Plaintiff, Solstice, L.L.C.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: San Rafael, California 94903
BRANCH NAME:

CASE NAME: Solstice, LLC v. Kos

**FOR COURT USE ONLY**

RECEIVED
MARIN COUNTY
SUPERIOR COURT

2009 NOV 12  P 2: 36

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CIV 095755 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Sutro  DEPT: 4 |

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: November 12, 2009
Joshua S. Markowitz, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# ADR Packet

17 pages including this one

---

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF MARIN**
3501 Civic Center Drive
P. O. Box 4988
San Rafael, CA 94913-4988

---

<u>NOTICE TO PLAINTIFFS</u>

CIVIL TRIAL DELAY REDUCTION PROGRAM
REQUIRES PROCEDURES AND TIME LINES TO BE MET

All civil actions filed on or after July 1, 2002 except actions filed under the Family Law Act, the Juvenile Court Law, Petition for Writs of Mandate or Prohibition, Change of Name, Harassment Restraining Orders, Domestic Violence Prevention Act Restraining Orders, and Adoptions, are included in the Civil Trial Delay Reduction Program. Marin County Superior Court - Civil Rules for the program require that you meet certain time lines for filing of documents. Please refer to Marin County Superior Court - Civil Rules for more particulars.

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and proof of service must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of alternative dispute resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early, and less expensive, stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case.

You are required to complete and return the ADR Information Form, ADR-100 or ADR 101, within 10 days of the resolution of the dispute.

Telephonic appearances at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days prior to the hearing date. Parties may make

| ATTORNEY NAME, ADDRESS AND TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|
| BAR NO:<br>ATTORNEY FOR: | |
| MARIN COUNTY SUPERIOR COURT<br>P.O. BOX 4988<br>SAN RAFAEL, CA 94913-4988 | |
| STIPULATION TO USE OF<br>ALTERNATIVE DISPUTE RESOLUTION PROCESS | CASE NO. _____ |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.

Dated _____     Attorney For _____
                                                   _____

Dated _____     Attorney For _____
                                                   _____

CV002 (Rev. 1/08)                                    (Formerly #310-781)

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY (name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ☐ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE | CASE NUMBER: |
|---|---|

## APPLICATION

HEARING DATE:
DEPT.:          TIME:

1. Applicant (name):
   is
   a. ☐ plaintiff
   b. ☐ cross-complainant
   c. ☐ petitioner
   d. ☒ defendant
   e. ☒ cross-defendant
   f. ☐ respondent
   g. ☒ another (describe):

2. The complaint or other initial pleading in this action was filed on (date):

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☐ Complaint
   b. ☐ Cross-complaint
   c. ☐ Petition
   d. ☐ Answer or other responsive pleading
   e. ☐ Other (describe):

4. Service and filing of the pleading listed in item 3 is presently required to be completed by (date):

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☐ None
   b. ☐ The following (describe all, including the length of any previous extensions):

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties (name each):

Page 1 of 3

| CASE NAME: | CASE NUMBER: |
|---|---|

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed):*

☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date):*

10. Notice of this application under rule 379 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons):*

☐ Continued on Attachment 10.

11. Number of pages attached: ____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____   ▶  _____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)        (SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below ☐ on a separate document.

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.
2. The pleading must be served and filed no later than *(date):*
3. ☐ The case management conference is rescheduled to:
   a. Date:
   b. Time:
   c. Place:
4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____
JUDICIAL OFFICER

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☐ UNLIMITED CASE ☐ LIMITED CASE (Amount demanded (Amount demanded is $25,000 exceeds $25,000) or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint (describe, including causes of action):

Page 1 of 4

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings, if equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  Jury or nonjury trial
The party or parties request ☐ a jury trial ☐ a nonjury trial   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  Trial date:
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  ☐ Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  Estimated length of trial
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  Trial representation *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  Preference
☐ This case is entitled to preference *(specify code section):*

10.  Alternative Dispute Resolution (ADR)
a.  Counsel ☐ has ☐ has not provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐ The case has gone to an ADR process *(indicate status):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

  b. Reservation of rights: ☐ Yes ☐ No

  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

  a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 14a.

  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

   | Party | Description | Date |
   |---|---|---|

   c. ☐ The following discovery issues are anticipated (specify):

18. **Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

19. **Other Issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

20. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court (if not, explain):

   b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following (specify):

21. **Case management orders**
   Previous case management orders in this case are (check one): ☐ none ☐ attached as Attachment 21.

22. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY)
                              ☐ Additional signatures are attached

CM-180

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

FOR COURT USE ONLY

TELEPHONE NO:                 FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

CASE NUMBER:

**NOTICE OF STAY OF PROCEEDINGS**

JUDGE:

DEPT.:

To the court and to all parties:

1. Declarant *(name):*
   a. ☐ ☐ is the party.  ☐ the attorney for the party who requested or caused the stay.
   b. ☐ ☐ is the plaintiff or petitioner  ☐ the attorney for the plaintiff or petitioner. The party who requested the stay has ☐ not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:
   a. ☐ with regard to all parties.
   b. ☐ with regard to the following parties *(specify by name and party designation):*

3. Reason for the stay:
   a. ☐ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*
   b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*
   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*
   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*
   e. ☐ Other.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶          _____
(TYPE OR PRINT NAME OF DECLARANT)                         (SIGNATURE)

CM-181

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF STREET ADDRESS: MAILING ADDRESS: CITY AND ZIP CODE: BRANCH NAME: | |
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | DEPT.: |
| NOTICE OF TERMINATION OR MODIFICATION OF STAY | JUDICIAL OFFICER: |

To the court and all parties:

1. A *Notice of Stay of Proceedings* was filed in this matter on *(date):*

2. Declarant named below is
   a. ☐ the party ☐ the attorney for the party who requested or caused the stay.
   b. ☐ other *(describe):*

3. ☐ The stay described in the above referenced *Notice of Stay of Proceedings*
   a. ☐ has been vacated by an order of another court. *(Attach a copy of the court order.)*
   b. ☐ is no longer in effect.

4. ☐ The stay has been modified *(describe):*

5. The stay has been vacated, is no longer in effect, or has been modified
   a. ☐ with regard to all parties.
   b. ☐ with regard to the following parties *(specify by name and party designation):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____     ▶   _____
(TYPE OR PRINT NAME OF DECLARANT)     (SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use Judicial Council of California CM-181 [New January 1, 2006]

NOTICE OF TERMINATION OR MODIFICATION OF STAY

Page 1 of 2

Cal. Rules of Court, rule 221 www.courtinfo.ca.gov

CM-181

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF TERMINATION OR MODIFICATION OF STAY

*(NOTE: You cannot serve the Notice of Termination or Modification of Stay if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Termination or Modification of Stay* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Termination or Modification of Stay* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          _____
(TYPE OR PRINT NAME OF DECLARANT)          (SIGNATURE OF DECLARANT)

Page 2 of 2

CM-200

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| NOTICE OF SETTLEMENT OF ENTIRE CASE | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT.: |

## NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is unconditional. You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is conditional. Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:

1. This entire case has been settled. The settlement is:
   a. ☐ Unconditional. A request for dismissal will be filed within 45 days after the date of the settlement.
       (Date of settlement:
   b. ☐ Conditional. The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than (date):

2. Date initial pleading filed:

3. Next scheduled hearing or conference:
   a. Purpose:
   b. ☐ (1) Date:
       (2) Time:
       (3) Department:

4. Trial date:
   a. ☐ No trial date set.
   b. ☐ (1) Date:
       (2) Time:
       (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

                                                    ▶

| (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) | (SIGNATURE) |
|---|---|

Page 1 of 2

CM-200

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the Notice of Settlement of Entire Case if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Settlement of Entire Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:
      Street address:
      City:
      State and zip code:

   c. Name of person served:
      Street address:
      City:
      State and zip code:

   b. Name of person served:
      Street address:
      City:
      State and zip code:

   d. Name of person served:
      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____     ▸     _____
(TYPE OR PRINT NAME OF DECLARANT)            (SIGNATURE OF DECLARANT)

PO-5000? (page 1 2009)

ADR-100

| MEDIATOR *(Name and Address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| E-MAIL ADDRESS *(optional):* FAX NO.: *(Optional):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME:

| STATEMENT OF AGREEMENT OR NONAGREEMENT | CASE NUMBER: |
|---|---|
| ☐ First ☐ Supplemental | |

NOTE: This form must be used by mediators in the Civil Action Mediation Program (Code Civ. Proc., § 1775 et seq.) and in the Early Mediation Pilot Program (Code Civ. Proc., § 1730 et seq.).

1. This case was filed on *(date if known):*

2. I was selected as the mediator in this matter on *(date):*

3. Mediation *(check one):*
   a. ☐ did not take place.
      (1) ☐ A party who was ordered to appear at the mediation did not appear.
      (2) ☐ Other reason *(please specify without disclosing any confidential information):*

   b. ☐ took place on *(date or dates):*
      and lasted a total of _____ hours.

4. ☐ The mediation has not ended. I submit this form to comply with the court's requirement to do so by a specified date.

5. The mediation ended *(check one):*
   a. ☐ in full agreement by all parties on *(date):*
   b. ☐ in partial agreement
      (1) ☐ in full agreement as to the following parties:
         on *(date):*
      (2) ☐ in full agreement as to limited issues on *(date):*
   c. ☐ in nonagreement.

Date:

_____ ▶ _____
(TYPE OR PRINT NAME)                (SIGNATURE OF MEDIATOR)

NOTE: Within 10 days of the conclusion of the mediation or, when applicable, by the deadline set by the court, the mediator must serve a copy of this statement on all parties and file the original, with proof of service, with the court clerk. The proof of service on the back of this form may be used.

Page 1 of 2

| CASE NAME: | | CASE NUMBER: |
|---|---|---|
|  | | |

## PROOF OF SERVICE

☐ Mail   ☐ Personal Service

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is *(specify):*

3. I mailed or personally delivered a copy of the *Statement of Agreement or Nonagreement* as follows *(complete either a or b):*
   a. ☐ Mail. I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope and
         (a) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) ☐ placed the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:

         (c) Date of mailing:
         (d) Place of mailing *(city and state):*

   b. ☐ Personal delivery. I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DECLARANT)

NAME OF COURT: _____

## ADR Information Form

This form should be filled out and returned,
within 10 days of the resolution of the dispute, to:

1. Case name: _____  No. _____

2. Type of civil case: ☐ PI/PD-Auto  ☐ PI/PD-Other  ☐ Contract  ☐ Other *(specify)*: _____

3. Date complaint filed _____  Date case resolved _____

4. Date of ADR conference _____  5. Number of parties _____

6. Amount in controversy ☐ $0–$25,000  ☐ $25,000–$50,000  ☐ $50,000–$100,000  ☐ over $100,000 *(specify)*: _____

7. ☐ Plaintiff's Attorney  ☐ Cross Complainant's Attorney  8. ☐ Defendant's Attorney  ☐ Cross Defendant's Attorney

NAME _____  NAME _____

ADDRESS _____  ADDRESS _____

TELEPHONE NUMBER _____  TELEPHONE NUMBER _____

9. Please indicate your relationship to the case:

☐ Plaintiff  ☐ Plaintiff's attorney  ☐ Defendant  ☐ Defendant's attorney
☐ 3rd party defendant  ☐ 3rd party defendant's attorney  ☐ Other *(specify)*: _____

10. Dispute resolution process:

☐ Mediation  ☐ Arbitration  ☐ Neutral case evaluation  ☐ Other *(specify)*: _____

11. How was case resolved?

a. ☐ As a direct result of the ADR process.
b. ☐ As an indirect result of the ADR process.  c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

☐ $0  ☐ $250  ☐ $500  ☐ $750  ☐ $1,000  ☐ more than $1,000 *(specify)*: $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:

☐ $0  ☐ $250  ☐ $500  ☐ $750  ☐ $1,000  ☐ more than $1,000 *(specify)*: $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:

☐ 0  ☐ 1 day  ☐ more than 1 day *(specify)*: _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of additional court days:

☐ 0  ☐ 1 day  ☐ more than 1 day *(specify)*: _____

16. Would you be willing to consider using this dispute resolution process again?  ☐ Yes  ☐ No

Form Adopted by the
Judicial Council of California

ADR INFORMATION FORM