Joseph W. Carcione, Jr., Esq. (State Bar No. 056693)
Joshua S. Markowitz, Esq. (State Bar No. 224256)
CARCIONE, CATTERMOLE, DOLINSKI,
OKIMOTO, STUCKY, UKSHINI,
MARKOWITZ & CARCIONE, L.L.P.
601 Brewster Avenue
P.O. Box 3389
Redwood City, CA 94064
Telephone: (650) 367-6811
Facsimile: (650) 367-0367

Attorneys for Plaintiff

FILED

JAN 13 2010

U.S. BANKRUPTCY COURT
SANTA ROSA, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re: | [S.D.N.Y Bankr. Case No. 09-11010 (REG)] |
| SOLSTICE, LLC, *et al.*, | Chapter 11 (Jointly Administered) |
| Debtors. | Adversary Proceeding No. 09-01186 [Related Adversary Proceeding No. 09-1179] |
| Solstice, LLC | PLAINTIFF'S COMBINED OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE OF REMOVED ACTION PURSUANT TO 28 U.S.C. § 1412; and TO DEFENDANTS' APPLICATION FOR REMOVAL PURSUANT TO 28 U.S.C. § 1452 |
| Plaintiff, | |
| vs. | |
| Graham Kos; Tim Wolff; Tim Weller; Chad Morse; James Kime; Shay LLC; Beale LLC; Winston & Strawn LLP; Jonathan Cohen; Novogradac & Company LLP; Jon Krabbenschmidt; Shay Kos; and DOES 1 through 400. | Date: January 25, 2010<br>Time: 10:00 a.m.<br>Judge: Honorable Alan Jaroslovsky |
| Defendants. | |

0.

## I. INTRODUCTION

The pending State Court malpractice actions do not arise out of the excessive and unearned fees being claimed by Novogradac & Company and Jon Krabbenschmidt (the "Accounting Defendants") and Winston & Strawn LLP and Jonathan Cohen, (the "Attorney Defendants.") Rather, the malpractice action arises out of the purely state law issue of whether the Accounting Defendants' and the Attorney Defendants' work on behalf of Solstice, LLC fell below the standard of care and caused harm. The issue of whether the fees being claimed from the bankruptcy estate have been earned or are excessive is merely incidental to the malpractice claim.

In fact, the issue of whether the fees being claimed by the Accounting Defendants and the Attorney Defendants against the bankruptcy estate are excessive and unearned is the only aspect of the State Court malpractice action that even **arguably** meets the criteria of a "core" proceeding pursuant to 28 *U.S.C.A.* § 157(b)(2). Indeed, the incidental claim concerning the excessive and unearned fees is the only aspect of the State Court malpractice action that distinguishes the fact of this case from the facts presented in *Arroyo v. Wolson* (Bankr.N.D.Cal. 1998) 1998 WL 34635, where Chief Judge Patel held that mandatory abstention pursuant to 28 *U.S.C.A* § 1334(c)(2) would be required.

Even with the excessive and unearned fees being an issue in this case, mandatory abstention is still required. This is because the fee issue depends entirely upon state law for its resolution and is a matter which, but fore the intervention of bankruptcy, could only have been brought in State Court. (See, *World Solar Corp. v. Steinbaum* (S.D. Cal. 1988) 81 B.R. 603, 608.)

But if this Court determines that the fee issue renders the State Court malpractice suit a "core" proceeding, this Court is urged to abstain pursuant to 28 *U.S.C.A.* § 1334(c)(1), the permissive abstention statute. In this case, all the factors requiring mandatory abstention are present, accept for perhaps the incidental fee issue being deemed "core." In such circumstances, courts should give permissive abstention careful consideration. (See *In re Chapman* (Bankr.N.D.Ill. 1991) 132 B.R. 153, 157.)

1.

Moreover, consideration of the factors adopted by the Ninth Circuit in *In re Tucson Estates, Inc.* (9th Cir. 1990) 912 F.2d 1162, 1167, compel the conclusion that permissive abstention is appropriate in this case. Perhaps the most dispositive of the factors is Solstice's right to have a jury decide its State Court malpractice claim. Solstice does not agree to have a jury empaneled before the Bankruptcy Court decide its State Court malpractice claims. (See 28 *U.S.C.A.* § 157(e), and *Federal Rules of Bankruptcy Procedure*, Rule 9015.) Accordingly, neither this Court nor the Bankruptcy Court for the Southern District of New York would have jurisdiction to try the case, but instead the trial, if the case remain in the Federal court system, would have to occur in a District Court.

Finally, for many of the same reasons that support permissive abstention, this Court should not transfer the venue of this case to the U.S. Bankruptcy Court for the Southern District of New York, a venue which bears absolutely no connection with the State Court malpractice claims.

## II. MANDATORY ABSTENTION

28 *U.S.C.A* § 1334(c)(2), the mandatory abstention statute, provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The mandatory abstention statute has been interpreted to require seven elements to be met to invoke abstention.

> As can be seen from the statute, mandatory abstention requires seven elements: (1) A timely motion; (2) a purely state law question; (3) a non-core proceeding § 157(c)(1); (4) a lack of independent federal jurisdiction absent the petition under Title 11; (5) that an action is commenced in a state court; (6) the state court action may be timely adjudicated; (7) a state forum of appropriate jurisdiction exists.

(*World Solar Corp.*, *supra*, 81 B.R. at pg. 606.)

It appears from the notices of removal that the only element the Accounting Defendants and the Attorney Defendants claim to be lacking is number 3 "a non-core proceeding." But

Defendants' claim that it constitutes a core proceeding is incorrect.

Under a strikingly similar set of facts, in *Arroyo, supra,* Chief Judge Patel of the Norther District of California held that mandatory abstention applied to a legal malpractice action alleging that the lawyers failed to renew a judgment on behalf of the debtor worth over $1.6 million. (1998 WL 34635 at pg. 1.)

In *Arroyo*, the debtor filed the malpractice action in the San Francisco Superior Court. (*Id.*) The attorney defendants invoked 28 *U.S.C.A.* 1334(b) and removed the action to the federal Bankruptcy Court. (*Id.*) The debtor then sought to have the federal District Court remand the case back to the San Francisco Superior Court invoking the mandatory abstention statute. (*Id.*)

Addressing the legal standards applicable to consideration of whether removal to the Bankruptcy Court was appropriate, *Arroyo* noted:

- "The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper"; and

- "The defendants bear the burden of proving the propriety of removal."[1]

(*Id.* at pg. 2.)

As in the present case, in *Arroyo*, one of the attorney defendants was "also a creditor of Plaintiff since he filed a claim in the bankruptcy proceedings for unpaid attorney's fees." (*Id.* at pg. 1) As in the present case, the attorney defendants claimed that the malpractice action was a "core" proceeding under subsections "A" and "O" of 28 *U.S.C.A.* § 157(b)(2). The Court disagreed.

> Defendants have cited no legal support for their position. Moreover, the Ninth Circuit has already rejected defendants' argument that claims which fall under 28 U.S.C. §§ 157(b)(2)(A) & (O) constitute core proceedings. *In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir.1986) ("state law contract claims which do not specifically fall within the categories of core proceedings enumerated in

---

[1] Because the defendants bear the burden of proof on the propriety of removal, and because the defendants offer little, if any, proof in support of their previously filed notices of removal, and because Solstice will not have the opportunity to submit a brief addressing any additional proof that the defendants might offer in reply, consistent with Due Process, Solstice respectfully requests that this Court not consider any additional proof submitted in reply or provide Solstice with the opportunity to file additional briefing addressing the new proof of the propriety of the removal.

3.

174473 / lgv
Plaintiff's Opposition to Defendants' Motion to Transfer Venue of Removed Action & Application for Removal
Case: 09-01186   Doc# 9   Filed: 01/13/10   Entered: 01/13/10 14:12:16   Page 4 of 11

28 U.S.C. § 157(b)(2)(B-N) are related proceedings under § 157(c) even if they arguably fit within the literal wording of the two catch-all provisions sections 157(b)(2)(A) and (O)"). Thus, the court finds defendants' argument that the malpractice action is a "core" proceeding unavailing.

(*Id.* at pg. 2.)

The Accounting Defendants and the Attorney Defendants in this case ultimately seek to have the State Court malpractice claims transferred to the Bankruptcy Court in the Southern District of New York. But precedent created by that Court also compels the conclusion that mandatory abstention is required for a legal malpractice claim. This issue is addressed in *VWE Group, Inc. v. Amlicke*, (Bankr.S.D.N.Y.2007) 359 B.R. 441, which involved a claim that attorneys who represented the debtor pre-petition committed malpractice by not advising the debtor to file a Chapter 11 petition sooner. (*Id.* at 444.) In that case the Southern District found "It is abundantly clear that this claim for pre-petition malpractice against the debtor's former lawyers is a non-core proceeding." (*Id.* at 448.)

> **Courts in this circuit have "consistently found professional malpractice claims arising out of pre-petition misconduct to be non-core."** *In re FMI Forwarding Co., Inc.*, 2004 WL 1348956, at *4; see also *In re Complete Mgmt.*, 2002 WL 31163878, at *3 (malpractice claim brought by debtor against **accounting firm** was non-core); *Morshet Israel, Inc. v. Audrey and Sydney Irmas Charitable Found. (In re Morshet Israel, Inc.)*, 1999 WL 165699, at *3 (S.D.N.Y. Mar.24, 1999) (third-party malpractice claim against **law firm** was non-core); *Wechsler*, 201 B.R. at 639-40 (malpractice claim against debtor's **law firm** arising out of pre-petition legal work was non-core); *United Orient Bank v. Green (In re Green)*, 200 B.R. 296, 298-99 (S.D.N.Y.1996)(malpractice claim against debtor's **law firm** that provided pre-petition legal advice was non-core); *Hackling v. Kahn (In re Luis Elec. Contracting Corp.)*, 100 B.R. 155, 156 (E.D.N.Y.1989)(malpractice claims against debtor's **accountants** for alleged pre-petition misconduct were non-core.)

(*Id.* at 448-449, bold added.)

The Southern District further explained that the key distinction between "core" and "non-core" proceedings.

> Section 157(b)(2) sets forth a non-exhaustive list of categories of core proceedings, including "(A) matters concerning the administration of the estate." More generally, the courts of this Circuit have emphasized that **core proceedings must "invoke a substantive right" created by federal bankruptcy law that would not exist outside of a bankruptcy case.** *Wechsler v. Squadron, Ellenoff, Plesent, & Sheinfeld LLP*, 201 B.R. 635, 639 (1996). In contrast, non-core proceedings "involve disputes over rights that ... have little or no relation to the Bankruptcy Code, do not arise under the federal bankruptcy

law and would exist in the absence of a bankruptcy case." See id.,
(*Id.* at 448, bold added.)

Courts of the Ninth Circuit agree that a "core proceedings must 'invoke a substantive right' created by federal bankruptcy law that would not exist outside of a bankruptcy case." (*Id.*) For example, in *In re Kold Kist Brands, supra,* (a case cited in *Arroyo, supra*), the Court noted:

> Pursuant to 28 U.S.C. § 157(b), matters that "arise under" or "arise in" a bankruptcy case are "core" proceedings in which the bankruptcy court is authorized to enter final judgments. **"Core" proceedings, therefore, are those actions that generally have no existence outside of bankruptcy.** All other proceedings are merely "related to" the bankruptcy case and are thus, "non-core".

(158 B.R. at pg. 178, bold added.)

*World Solar Corp., supra,* also stands for the proposition that claims that are entirely dependent on state law for resolution, are not "core' proceedings.

> Breach of contract and tortious interference claims will affect the debtor-creditor relationship and the results of such litigation will potentially affect debtor's liquidation of assets and augment its estate. **However, when these issues depend on state law for their resolution and are matters which, but for the intervention of bankruptcy, could have been brought in state court, they are not core proceedings.**

(81 B.R. at pg. 608, bold added.)

In the instant case, the malpractice claims arise out of strictly pre-petition conduct by the Accounting Defendants and the Attorney Defendants, and will be resolved based strictly upon the law of California. But for the pendency of the bankruptcy, there would be no basis for federal jurisdiction whatsoever. The incidental claim regarding excessive and unearned fees asserted in the State Court malpractice action are also based upon well established principles of California contract law. Thus, the State Court malpractice action is not a "core" proceeding.

As all the other elements of mandatory abstention are met, this Court is respectfully requested to find mandatory abstention applicable and remand this case back to the Superior Court for the County of Marin.

## III. PERMISSIVE ABSTENTION

Should this Court find that mandatory abstention is not available because of the incidental claim in the State Court malpractice action for excessive and unearned fees, then this Court is respectfully requested to exercise its discretion and abstain pursuant to 28 U.S.C.A. 1334(c)(1), the permissive abstention statute, which provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

As a preliminary observation, Courts have advised that where mandatory abstention is almost, but not quite, available, Court should give due consideration to permissive abstention.

> When most of the criteria for mandatory abstention have been met, bankruptcy courts should give "**careful consideration** whether it would be appropriate to exercise their discretion to abstain under § 1334(c)(1)." *In re Rusty Jones, Inc.*, 124 B.R. 774, 780 (Bankr.N.D.Ill.1991), quoting *In re Futura Industries, Inc.*, 69 B.R. 831, 834 (Bankr.E.D.Pa.1987).

(*In re Chapman, supra*, 132 B.R. at pg. 157, bold added.)

In this case, it is only the incidental claim for unearned and excessive fees that has any potential of being deemed a "core" proceeding. If this Court finds that the incidental claim for excessive and unearned fees are appropriately classified as a "core" proceeding, it remains the case that the vast majority of relief sought in the State Court malpractice action does not come within the definition of a "core" proceeding and that all the other criterial for mandatory abstention is present. On that basis, this Court is respectfully requested to give "careful consideration" to exercising its discretion pursuant to the permissive abstention statute and remand this case back to State Court.

Otherwise, the factors to be considered in exercising discretion pursuant to the permissive abstention statute were recently set forth in *Bally Total Fitness Corp. v. Contra Costa Retail Center* (Bankr.N.D.Cal. 2008) 384 B.R. 566.

> [A] seven factor test has been established for determining whether a claim should be remanded to state court as a discretionary matter. See *Williams v. Shell Oil*, 169 B.R. 684, 690-93 (S.D.Cal.1994). Those factors are: (a) the **effect of the action on the administration of the bankruptcy estate**; (b) the extent to which **issues of state law predominate**; (c) the **difficulty of applicable**

> state law; (d) **comity**; (e) **the relatedness or remoteness of the action to the bankruptcy case**; (f) **the existence of a right to a jury trial**; and (g) **prejudice to the party involuntarily removed from state court**. *Id.*

(*Id.* at 572, bold added.)

Here, those factors all greatly favor abstention. As to the "effect of the action on the administration of the bankruptcy estate", the debtors-in-possession, Solstice, LLC, has selected California State court as the appropriate forum to pursue these claims as part of its plan for reorganization. Further, Solstice specifically selected the undersigned's law firm to pursue, on a contingency basis, all available claims. (See Exhibit "1", Order Authorizing Employment and Retention of Carcione Firm as Special Counsel for the Debtors.) In pursuit of those claims, the undersigned filed a single action alleging all known causes of action as to all known potential defendants. These claims included not only the malpractice claims against these Defendants, but also claims for mismanagement against Solstice's former officers and directors, as both sets of claim derive from a common nucleus of operative facts. To have to litigate the same case twice, once in State court against the management defendants, and once in Federal court against the Accounting and Attorney Defendants, would be extremely inefficient, and would negatively affect the administration of the estate.

As to the issue of whether State law predominates, that entirely favors remand. There is not a single issue that will be determined under Federal law. The next factor, the difficulty of applying State law, weighs little on either side of the question. While the application of California professional negligence does not present difficult issues of interpretation, since only State law issues are present, it would still be better to have the California court hear the case.

The issue of comity also supports remand. This case was originally filed in State court, and but for the bankruptcy, there would be no independent basis for Federal jurisdiction. Additionally, as the State court will adjudicate the liability of the management defendants, arising out of the same set of operative facts, comity supports remand to avoid inconsistency of results.

The next factor, the relatedness of the bankruptcy case to the action, also strongly favors remand. The events complained of all pre-date the bankruptcy petition. Indeed, neither

the Accounting Defendants nor the Attorney Defendants have been retained to provide services to the debtor following bankruptcy, so all claims, including the claim for fees by these Defendants that is pending in the bankruptcy court, arose out of actions that occurred prior to the commencement of bankruptcy.

As noted above, the right to a jury trial is a strong factor favoring remand. Solstice has a right to a jury trial on these professional negligence claims. That jury trial cannot happen in the bankruptcy court, without the parties' consent, so if remand is not granted, the case will eventually have to be transferred to either the Northern District of California or the Southern District of New York.

The final factor, the prejudice to the party involuntarily removed, also weighs heavily in favor of remand. If the case remains split into two separate actions, one in Federal court against the Attorney and Accounting Defendants, and one in State court against the management defendants, there is a very real danger of inconsistent verdicts.

In summary, even if the Court is not convinced mandatory abstention is required, permissive abstention is appropriate.

## IV. TRANSFER OF VENUE

In setting forth the factors for a court to consider on a motion to transfer venue, the Ninth Circuit has identified the following factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

(*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir., 2000)

Even if this Court decides against remand, the Court should still reject Defendants' Motions to Transfer Venue, as all of the relevant factors favor California as a venue.

The malpractice claims at issue are made against a San Francisco lawyer (Defendant Cohen), the San Francisco firm he works at (Defendant Winton & Starwn), and a San Francisco accountant (Defendant Krabbenschmidt), and the San Francisco accounting firm he

8.

174473 / lgv  Plaintiff's Opposition to Defendants' Motion to Transfer Venue of Removed Action & Application for Removal
Case: 09-01186    Doc# 9    Filed: 01/13/10    Entered: 01/13/10 14:12:16    Page 9 of 11

works at (Defendant Novogradac). Further, at all times relevant to the underlying claims, Solstice, LLC, was operated out of the Bay Area, by its former CEO Graham Kos, a resident of Marin County, who is the principal management defendant.

Further, as discussed above, it is California law that will be applied to this case, and therefore this Court is better suited to apply the applicable substantive law than a New York court. The next factor, plaintiff's choice of forum, is obviously Califronia, and not New York. As to the respective parties' contacts with the forum, all parties have far greater contacts with California than New York.

The next factor, the differences in cost between litigating in the two forums, also greatly favors California. As part of the debtors' plan of reorganization, this firm was retained on a contingency fee basis to pursue these claims. This firm does not have any offices outside of California, and does not have any attorneys admitted to practice in New York. Accordingly, if this firm were to be required to pursue these claims in New York, local counsel would have to be retained. This would preclude the undersigned's office from litigating the case on a contingency fee basis, which would dramatically increase the cost of the litigation, and would frustrate debtor's plan of reorganization.

The last two factors, the availability of compulsory process to secure the attendance of witnesses and ease of access to proof, also weigh in favor of denying the motion to transfer. As the vast majority of the acts that form the basis of the claims occurred in the Bay Area, the relevant witnesses are also located in the Bay Area. Accordingly, if the case was transferred to New York, Solstice would be unable to compel most of the witnesses to the attend trial, and would therefore be limited to introducing deposition testimony in lieu of live testimony at trial.

It does not appear as though even a single relevant factor supports the request to transfer venue.

## IV. CONCLUSION

For the foregoing reasons, this Court is respectfully requested to order this case be remanded to the Superior Court for Marin County.

| | |
|---|---|
| DATE: JANUARY 11, 2010 | CARCIONE, CATTERMOLE, DOLINSKI, OKIMOTO, STUCKY, UKSHINI, MARKOWITZ & CARCIONE, LLP. |
| | By: _____ *[signature]*<br>Attorneys for Plaintiff |

10.