HOWARD M. GARFIELD  State Bar #43369
Hgarfield@longlevit.com
DAVID P. BOROVSKY  State Bar #216588
DBorovsky@longlevit.com
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA  94104
TEL: (415) 397-2222   FAX: (415) 397-6392

Attorneys for Defendants
NOVOGRADAC & COMPANY, LLP and JON KRABBENSCHMIDT

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| IN RE:<br><br>SOLSTICE, LLC, et al.,<br><br>　　　　　Debtors, | [S.D.N.Y Bankr. Case No. 09-11010 (REG)]<br><br>Chapter 11 (Jointly Administered)<br><br>Adversary Proceeding No. 09-01186<br><br>HEARING:<br><br>Date:  January 25, 2010<br>Time:  2:00 p.m.<br>Place:  99 South "E" Street, Santa Rosa, CA<br>Judge:  Hon. Alan Jaroslovsky |
| SOLSTICE, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NOVOGRADAC & COMPANY LLP; JON KRABBENSCHMIDT,<br><br>　　　　　Defendants. | **JOINDER BY DEFENDANTS NOVOGRADAC & COMPANY LLP AND JON KRABBENSCHMIDT IN WINSTON & STRAWN LLP AND JONATHAN COHEN'S "REPLY AND STATEMENT OF POSITION IN SUPPORT OF REMOVAL"** |

LONG & LEVIT LLP
465 CALIFORNIA STREET
FIFTH FLOOR
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

JOINDER BY NOVOGRADAC & KRABBENSCHMIDT IN "REPLY AND STATEMENT OF POSITION IN SUPPORT OF REMOVAL"

Case: 09-01186    Doc# 15    Filed: 01/20/10    Entered: 01/20/10 16:20:22    Page 1 of 19

# I. JOINDER IN REPLY AND STATEMENT OF POSITION IN SUPPORT OF REMOVAL

Defendants Novogradac & Company LLP ("Novogradac") and Jon Krabbenschmidt ("Krabbenschmidt") hereby join in the "Reply In Support Of Motion To Transfer Venue And Statement Of Position In Support Of Removal" (the "Reply") filed by Winston & Strawn LLP ("Winston & Strawn") and Jonathan Cohen ("Cohen"). The Reply—attached hereto as Exhibit A—was filed in <u>related adversary proceeding No. 09-1179</u>, in support of the Motion to Transfer Venue to the Southern District of New York pursuant to 28 U.S.C. §1412, that is set for hearing on January 25, 2010, at the above-captioned place and time.

In addition, Novogradac and Krabbenschmidt have also filed a motion to transfer venue of <u>this adversary proceeding</u> (No. 09-01186) to the Southern District of New York, also pursuant to 28 U.S.C. §1412. Per the Court's Order of January 18, 2010, said motion will also be heard at the above-captioned place and time.

By this joinder, Novogradac and Krabbenschmidt hereby join in the Reply, and all of the arguments and authorities therein, and incorporate them herein by reference in support of: (1) their motion to transfer venue of this adversary proceeding; and (2) their statement of position in support of removal of this adversary proceeding.

For the foregoing reasons, Novogradac and Krabbenschmidt respectfully request that the Court deny plaintiff's request for Remand, decline to abstain, and transfer both related adversary proceedings to the Southern District of New York.

Respectfully submitted,

Dated: January 20, 2010

LONG & LEVIT LLP

By /s/ Howard M. Garfield
HOWARD M. GARFIELD
DAVID P. BOROVSKY
Attorneys for Defendants
NOVOGRADAC & COMPANY, LLP
and JON KRABBENSCHMIDT

DOCS\S5930-011\573283.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
FIFTH FLOOR
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1

JOINDER BY NOVOGRADAC & KRABBENSCHMIDT IN "REPLY AND STATEMENT OF POSITION IN SUPPORT OF REMOVAL"

Case: 09-01186    Doc# 15    Filed: 01/20/10    Entered: 01/20/10 16:20:22    Page 2 of 19

# EXHIBIT A

EXHIBIT A

Douglas R. Young (State Bar No. 72348)
C. Brandon Wisoff (State Bar No. 121930)
Robert C. Holtzapple (State Bar No. 145954)
Gary M. Kaplan (State Bar No. 155530)
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
Email: gkaplan@fbm.com

John H. MacConaghy (State Bar No. 83684)
MacConaghy & Barnier, PLC
645 First Street West, Suite D
Sonoma, CA 95476
Telephone: (707) 935-3205
Facsimile: (707) 935-7051
Email: macclaw@macbarlaw.com

Attorneys for Defendants
WINSTON & STRAWN LLP and JONATHAN COHEN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>SOLSTICE, LLC, et al.,<br><br>Debtors. | [S.D.N.Y. Bankr. Case No. 09-11010 (REG)]<br><br>Chapter 11 (Jointly Administered) |
| SOLSTICE, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>WINSTON & STRAWN LLP and JONATHAN COHEN,<br><br>Defendants. | A.P. No. 09-1179 AJ<br>[Related Adversary Proceeding No. 09-1186]<br><br><u>HEARING</u><br>Date: January 25, 2010<br>Time: 2:00 p.m.<br>Place: 99 South "E" Street<br>       Santa Rosa, California<br>Judge: Hon. Alan Jaroslovsky |

**DEFENDANTS WINSTON & STRAWN LLP AND JONATHAN COHEN'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE AND STATEMENT OF POSITION IN SUPPORT OF REMOVAL**

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDTS. REPLY ISO TRANSFER AND
POSITION ON REMAND

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................ 1

FACTUAL BACKGROUND ..................................................................................................... 2

ARGUMENT .............................................................................................................................. 3

I. SOLSTICE INVOKED AND SUBMITTED TO THE NEW YORK BANKRUPTCY COURT'S EQUITABLE JURISDICTION TO HEAR THIS DISPUTE. ...................................................................................................................... 3

    A. The Motion to Transfer To Plaintiff's Chosen Forum Should Be Granted ............ 4

    B. The Court Need Not Reach Issues of Removal Or Remand ................................. 6

II. ABSTENTION IS IMPROPER UNDER NINTH CIRCUIT LAW ............................... 6

III. REMAND IS INAPPROPRIATE AS THIS ACTION WILL PROPERLY BE BEFORE THE HOME COURT UPON ITS TRANSFER. ............................................. 8

IV. CONCLUSION ................................................................................................................ 11

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDTS. REPLY ISO TRANSFER AND
POSITION ON REMAND

- i -

# TABLE OF AUTHORITIES

## FEDERAL CASES

Arroyo v. Wilson,
    1998 WL 34635 (N.D. Cal. Jan. 20, 1998) ................................................................ 7

Billing v. Ravin, Greenberg & Zackin, P.A.,
    22 F.3d 1242 (3d Cir. 1994) .................................................................................. 4, 7, 10

In re Cornerstone Dental, PLLC,
    2008 Bankr. LEXIS 1122 (Bankr. D. Idaho 2008) ............................................... 6

Eaton v. Taskin,
    2007 U.S. Dist. LEXIS 52593 .............................................................................. 7

In re Frost., Inc.,
    145 B.R. 878 (Bankr. W.D. Mich. 1992) ............................................................ 3, 4

Granfinanciera, S.A., et al. v. Nordberg,
    492 U.S. 33 (1989) ............................................................................................... 4

Hendricks v. Detroit Diesel Corp.,
    2009 U.S. Dist. LEXIS 116872 (N.D. Cal. Nov. 25, 2009) .................................. 6

Hopkins v. Plant Insulation Co.,
    349 B.R. 805 (N.D. Cal. 2006) ............................................................................ 8

Jones v. GNC Franchising, Inc.,
    211 F.3d 495 (9th Cir. 2000) ............................................................................... 4

Langenkamp v. Culp,
    498 U.S. 42 (1990) ............................................................................................... 4

In re Lazar,
    237 F.3d 967 (9th Cir. 2001) ............................................................................... 6

In re McClelland,
    332 B.R. 90 (Bankr. S.D.N.Y. 2005) ................................................................. 4, 9

SenoRx, Inc. v. Coudert Brothers, LLP,
    2007 U.S. Dist. LEXIS 40923 (N.D. Cal. May 24, 2007) .................. 5, 7, 8, 9, 10

SenoRx, Inc. v. Coudert Brothers, LLP,
    2007 U.S. Dist. LEXIS 66065 (N.D. Cal. Aug. 27, 2007) .................................. 5

In re TIG Insurance Co.,
    264 B.R. 661 (Bankr. C.D. Cal. 2001) ................................................................ 6

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDTS. REPLY ISO TRANSFER AND
POSITION ON REMAND

- ii -

## FEDERAL STATUTES

Federal Rule of Bankruptcy Procedure 9027 .................................................................. 3, 9
28 U.S.C. §157(b)(2) ................................................................................................................ 7
28 U.S.C. §1334(c) .............................................................................................................. 6, 7
28 U.S.C. §1404 ........................................................................................................................ 5
28 U.S.C. §1412 .................................................................................................................... 1, 4
28 U.S.C. §1452 ........................................................................................................ 1, 2, 3, 6, 7

## OTHER AUTHORITIES

1A James Wm. Moore et al., Moore's Federal Practice ¶0.244 (3d ed. 1996) ................. 5

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

Defendants Winston & Strawn LLP and Jonathan Cohen (collectively, "W&S") hereby submit this combined Reply in support of their Motion to Transfer and Statement of Position in support of removal with respect to the scheduled January 25, 2010 hearing on those issues.

## INTRODUCTION

Plaintiff Solstice, LLC ("Solstice") and certain of its affiliates (collectively, "Debtors") commenced a Chapter 11 bankruptcy case (the "Main Case") by filing Voluntary Petitions in the United States Bankruptcy Court for the Southern District of New York (the "Home Court"). W&S filed a claim in the Main Case for approximately $1.2 million in unpaid legal fees; Debtors scheduled and listed a debt to W&S as "disputed" in related filings. They have declined to allow W&S's proof of claim. However, rather than resolve this apparent dispute in the Home Court as part of the Main Case, Solstice brought the instant action – styled "legal malpractice" and alleging W&S charged excessive fees but containing no substantive allegations related to any W&S legal work or advice – seeking a second adjudication in California of the same issues that are already before the Home Court.

Plaintiff's duplicative action against W&S is nothing more than a counterclaim designed to reduce its recovery in the Main Case and should therefore be heard in the Home Court. Thus, W&S timely removed this action to this Court pursuant to 28 U.S.C. §1452 and has moved to transfer it to the Southern District of New York pursuant to 28 U.S.C. §1412. While Solstice has opposed those requests and requested abstention and remand, it provides no valid grounds for doing so. Indeed, it provides no authority or argument that the Court – which under applicable law should grant W&S's Motion to Transfer without even reaching the issue of remand – may even engage in those issues. Instead, Plaintiff complains mightily about the supposed burdens and inefficiencies that would result from litigating this fee dispute in one consolidated proceeding before the court it originally chose.

As a threshold matter, under controlling Ninth Circuit authority, both mandatory and permissive abstention are unavailable in cases removed pursuant to 28 U.S.C. §1452, and, in any event, would be inappropriate here. Moreover, the interests of efficiency, judicial economy, and consistency favor granting W&S's Motion to Transfer this action to the Home Court. This would

DEFENDTS. REPLY ISO TRANSFER AND POSITION ON REMAND - 1 -

avoid having two separate trials on W&S's single fee claim and Plaintiff's objections thereto and would put this matter before the court that is best suited to assess this matter's relation to the Main Case and decide where and how it should be resolved.

## FACTUAL BACKGROUND

This action arises out of a voluntary Chapter 11 case initiated by Solstice and its affiliated Debtors in the Southern District of New York. See Notice of Removal, Dkt. No. 1, Ex. 1. As part of that proceeding, the Debtors listed a debt in the amount of $1,220,486.00 to W&S as "DISPUTED" in its schedule of general unsecured claims filed in the Bankruptcy Case on May 18, 2009. See Schedule, Ex. 3 to Notice of Removal. The scheduled general unsecured claims total approximately $5.7 million, and W&S's apparently disputed claim is the second largest among them. Id.[1] Debtors have declined to allow W&S's proof of claim.

Plaintiff filed suit in Marin County Superior Court on November 12, 2009, asserting one cause of action against W&S and Cohen. See Complaint, Ex. 4 to Notice of Removal, at 6. That single cause of action, entitled "**Legal Malpractice**", specifically alleges that W&S charged Solstice excessive fees (Plaintiff's attempts to back away from this allegation in its Opposition notwithstanding). Complaint at 6, ¶24 (emphasis in original). The Complaint is wholly silent on substantive legal issues relating to W&S's engagement, including the matters on which Plaintiff sought advice, the substance and timing of any advice provided, whether and how any legal advice was erroneous or deficient, and how Solstice might have been damaged by any alleged

---

[1] The Debtors' Summary of Schedules filed in the Main Case also indicates unsecured non-priority claims totaling $66,816,500 which are *not* listed on their publicly filed Schedule F. Id. Ex. 3. The accompanying Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding Debtors' Schedules and Statements of Financial Affairs filed in the Main Case (copy attached as Exhibit 1 to Motion to Transfer, Dkt No. 4) indicates that these other claims are comprised of "Membership Dues" "based on the amount each Member paid to Solstice initially for its Membership" but indicates that such list (presumably including the amount allegedly owed with respect to each such claim) was not publicly filed because it "is proprietary and confidential." Id. at 4. Thus, there is no way for interested parties or this Court to assess the validity of such purported claims, or the extent to which they may be subject to disallowance and/or subordination to general unsecured claims.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDTS. REPLY ISO TRANSFER AND POSITION ON REMAND - 2 -

malpractice. Indeed, the allegations against W&S center not on any alleged failure to perform legal duties, but on an alleged failure to provide financial and general business advice, including that W&S "failed to advise" Solstice: "to maintain proper financial records. . . as SOLSTICE was required to do," "to avoid incurring grossly excessive administrative expenses," "to avoid making improper loans," not to enter "into a loan. . . that had terms that could not possibly have been met," or that "certain officers were committing general waste and mismanagement." Id. The Complaint provides no further information on W&S's purported "failures" to advise and no factual allegations at all relating to Plaintiff's dispute with W&S over legal fees.[2]

W&S timely removed Plaintiff's claim on December 16, 2009, pursuant to 28 U.S.C. §1452(a) and Federal Rule of Bankruptcy Procedure 9027, thereby giving rise to the above-captioned adversary proceeding.[3] The next day, W&S moved to transfer this action to the Home Court to consolidate this dispute over W&S's fees and services with W&S's claim for fees in the Main Case.

## ARGUMENT

### I. SOLSTICE INVOKED AND SUBMITTED TO THE NEW YORK BANKRUPTCY COURT'S EQUITABLE JURISDICTION TO HEAR THIS DISPUTE.

Solstice submitted all issues relating to the allowance or disallowance of W&S's fee claim to the Southern District of New York by initiating the Main Case and listing their $1.2 million debt to W&S as a "disputed" claim. See In re Frost., Inc., 145 B.R. 878 (Bankr. W.D. Mich. 1992). In Frost, the debtor disputed its lawyers' fee claim for pre-petition work and commenced an adversary pleading for legal malpractice, requesting a jury trial. The court denied that request, holding that the adversary proceeding was "an inextricable part of the claims allowance process,"

---

[2] Underscoring the generic nature of the "malpractice" claims, the "Accountant Malpractice" claim against Solstice's accountants Novogradac & Co. and Jon Krabbenschmidt (collectively, "Novogradac"), repeats each of these generic allegations virtually verbatim, swapping the lawyers' and accountants' names and switching "legal" for "accounting." Id. at 7-8, ¶¶ 27-30.

[3] In a related action, Novogradac similarly removed Plaintiff's "Accountant Malpractice" claim to this Court on December 23, 2009. See A.P. No. 09-1186 AJ.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDTS. REPLY ISO TRANSFER AND POSITION ON REMAND - 3 -

as "debtors who initially chose to invoke the bankruptcy court's jurisdiction to seek protection from their creditors" submit to the bankruptcy court's equitable jurisdiction under Granfinanciera, S.A., et al. v. Nordberg, 492 U.S. 33 (1989) and Langenkamp v. Culp, 498 U.S. 42 (1990). Frost, 145 B.R. at 881-882 (holding that right to jury trial was thereby waived).

Similarly, in Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242, 1252 (3d Cir. 1994), debtors challenged their bankruptcy attorneys' fee claim and brought a separate action in district court for legal malpractice. The Third Circuit held that the malpractice action fell under the bankruptcy court's equitable jurisdiction, citing the "close connection between the malpractice action and the objections to fees" and finding that the "debtors' allegations of malpractice are part of the process of allowance and disallowance of claims," even though the malpractice action sought money damages in addition to disallowance of fees. Id. at 1252 & n.17 (citing Granfinanciera). See also In re McClelland, 332 B.R. 90 (Bankr. S.D.N.Y. 2005) (negligence and malpractice counterclaims asserted by debtor against law firm's fee claim for prepetition work were "integrally related" to the allowance process and therefore under the bankruptcy court's equitable jurisdiction despite seeking money damages in addition to disallowance of fees). Id. at 97-98, citing Billing and Granfinanciera.

This action is likewise under the Home Court's jurisdiction; though it purports to be a "legal malpractice" action, it is nothing more than a thinly veiled fee dispute. Plaintiff's allegations – other than the specific claim that W&S charged excessive fees – have no connection to the legal services W&S provided; they are instead general complaints about an alleged failure to provide common-sense business advice. Indeed, they are repeated – virtually word for word – as the "Accountant Malpractice" claims brought against Novogradac. Plaintiff apparently now realizes that its excessive fee claim fundamentally implicates the issues arising in a bankruptcy fee claim dispute and has attempted to minimize its centrality to their action. However, this belated backpedaling cannot transform the vague "malpractice" claims into a substantive separate action.

### A. The Motion to Transfer To Plaintiff's Chosen Forum Should Be Granted.

Solstice asks this Court to deny W&S's Motion to Transfer, but misstates and misapplies

the relevant law. Plaintiff inexplicably ignores the relevant inquiry on transfer under 28 U.S.C. §1412, the statute pursuant to which W&S moved for transfer. Instead, Solstice cites Jones v. GNC Franchising, Inc., 211 F.3d 495 (9th Cir. 2000), which dealt with transfer of a suit between a franchisee and the franchisor under 28 U.S.C. §1404 or §1406 pursuant to a forum selection clause in the parties' contract. A motion to transfer brought under Section 1412 is governed by different standards than motions to transfer brought under Sections 1404 or 1406. Thus, the factors Plaintiff lists are irrelevant here.

Regardless, Solstice's analysis is incorrect. Plaintiff chose to invoke New York jurisdiction to resolve its bankruptcy, which includes the subject of this very action: W&S's fee claim. It cannot now be heard to complain that it would be inconvenient or difficult to transport witnesses and evidence to New York simply because it suits them for purposes of these removal and transfer issues; those witnesses and evidence will already have to come before the Home Court during the claims allowance process. And the idea that the prosecution of this action would somehow be more costly because transfer would preclude contingency fee litigation (Opposition at 9) ignores the ready availability of contingent fee lawyers in New York and the cost savings available from consolidating this duplicative claim into the extant bankruptcy fee dispute. Finally, contrary to Solstice's assertion, the New York court will have little difficulty analyzing well-settled California law on professional malpractice. See SenoRx, Inc. v. Coudert Brothers, LLP, No. 07-1075, 2007 U.S. Dist. LEXIS 40923, *8 (N.D. Cal. May 24, 2007) (finding that bankruptcy court was qualified to resolve state law legal malpractice claims and denying motion for equitable remand).

Plaintiff has not addressed – let alone refuted – the presumption in favor of Home Court jurisdiction. See, e.g., SenoRx, Inc. v. Coudert Brothers, LLP, No. 07-1075, 2007 U.S. Dist. LEXIS 66065 (N.D. Cal. Aug. 27, 2007); see generally 1A James Wm. Moore et al., Moore's Federal Practice ¶0.244 (3d ed. 1996)) ("there is a general presumption that the venue of proceedings should be conducted in the court where the bankruptcy case is pending."). Nor does Solstice deny that keeping the action in California state court would create judicial inefficiencies by creating a second proceeding to adjudicate the claim Solstice has not allowed in bankruptcy.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDTS. REPLY ISO TRANSFER AND
POSITION ON REMAND - 5 -

Case: 09-01186  Doc# 15  Filed: 01/20/10  Entered: 01/20/10 16:20:22  Page 12 of 19

Granting Solstice's request would cause at least some (if not all) of the same issues to be litigated in two different courts, and run a significant risk of inconsistent rulings by those courts with respect to such issues. The Home Court presumably will ultimately adjudicate W&S's fee claim (to which Solstice will almost certainly object) regardless of where this action is ultimately heard. Transfer to the Home Court, and consolidation of these two actions into one case, is therefore appropriate.

### B. The Court Need Not Reach Issues of Removal Or Remand.

Given Plaintiff's invocation of the New York bankruptcy court's jurisdiction in the Main Case, and the well-founded arguments in favor of transfer, the Court need go no further to resolve issues of remand at this point. When a bankruptcy court is simultaneously confronted with a motion to transfer venue and a motion to remand, the "action should be transferred to the 'home' court of the bankruptcy to decide the issue of whether to remand or abstain from hearing the action." See In re Cornerstone Dental, PLLC, 2008 Bankr. LEXIS 1122, at *5 (Bankr. D. Idaho 2008) (citations omitted) (the decision on remand should be transferred to the "home" court because the "home court is best positioned to make, and should make, the decision regarding remand."). Here, as this action was properly removed, and the proper venue is New York, the Court should grant the Motion to Transfer and send the action to the Home Court for further proceedings. See id. ("if appropriately supported, the motion to transfer venue should be granted.").

## II. ABSTENTION IS IMPROPER UNDER NINTH CIRCUIT LAW.

Instead of analyzing whether transfer is proper – the only appropriate inquiry at this juncture – Solstice spends the bulk of its Opposition arguing that this Court should abstain from hearing this action under 28 U.S.C. 1334(c). See Opposition at 2-8. This position is contrary to well-established Ninth Circuit law stating that abstention is not available when an action is removed to bankruptcy court pursuant to 28 U.S.C. §1452(a), because once an action is removed there is no longer any state action to "abstain" in favor of. See In re Lazar, 237 F.3d 967, 981 (9th Cir. 2001) (holding that, after removal of an action under 28 U.S.C. §1452, abstention is unavailable, as "§§ 1334(c)(1) and 1334(c)(2) are simply inapplicable."). That rule holds true

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDTS. REPLY ISO TRANSFER AND POSITION ON REMAND - 6 -

here: W&S has timely removed the entire legal malpractice action – in which it is the only defendant – and Plaintiff does not challenge the timeliness of or grounds for W&S's removal of the legal malpractice action under 28 U.S.C. §1452. See Hendricks v. Detroit Diesel Corp., 2009 U.S. Dist. LEXIS 116872, *19-20 (N.D. Cal. Nov. 25, 2009) (rejecting request for abstention pursuant to Lazar where action was removed pursuant to 28 U.S.C. § 1452); In re TIG Ins. Co., 264 B.R. 661, 665 (Bankr. C.D. Cal. 2001) (denying request for abstention because of Ninth Circuit precedent that "Sections 1334(c)(1) and 1334 (c)(2) are inapplicable in actions that have been removed pursuant to 28 U.S.C. § 1452."). There is no remaining action to abstain in favor of and abstention, whether permissive or mandatory,[4] is not available.

In any event, mandatory abstention would be improper here. This action is a "core proceeding" in the Main Case within the meaning of 28 U.S.C. §157(b)(2), as it involves "allowance or disallowance of claims against the estate . . ." (28 U.S.C. §157(b)(2)(B)), and "counterclaims by the estate against persons filing claims against the estate" (28 U.S.C. §157(b)(2)(C)). See Billing, 22 F.3d at 1252 (finding that the "close connection between the [separate] malpractice action and the objections to fees leads us to conclude that the debtors' allegations of malpractice are part of the process of allowance and disallowance of claims.").

Moreover, Plaintiff has offered no evidence that this action can be timely adjudicated in state court. See Eaton v. Taskin, 2007 U.S. Dist. LEXIS 52593, *11 (mandatory abstention not available on "mere assertion" that state court could timely adjudicate matter without any presentation of evidence on point). Indeed, as a matter of fact, it is unlikely that Solstice's "legal malpractice" claims would be timely adjudicated in California Superior Court. See Declaration of John MacConaghy at ¶¶ 2-4. (describing similar situation where legal malpractice action related to bankruptcy case took nearly four years to obtain jury verdict and, due to appeals, was

---

[4] Mandatory abstention is unavailable for an additional independent reason: Plaintiff has not moved for abstention, but merely requests it as part of their Opposition, while mandatory abstention under 1334(c)(2) applies only "[u]pon timely motion of a party." 28 U.S.C. 1334(c)(2).

DEFENDTS. REPLY ISO TRANSFER AND POSITION ON REMAND - 7 -

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

not settled until after another year).

Solstice instead relies heavily on Arroyo v. Wilson, 1998 WL 34635 (N.D. Cal. Jan. 20, 1998), a 1998 case in which the only issue was whether mandatory abstention applied to a case arising under state law and removed to federal court pursuant to 28 U.S.C. § 1452. Arroyo, decided before the Ninth Circuit's 2001 Lazar decision, is no longer good law. Lazar subsequently established that, contrary to the result in Arroyo, abstention is *not* available in cases removed from state court. See also SenoRx, Inc., 2007 U.S. Dist. LEXIS at *4 (citing Lazar for the proposition that abstention did not apply in removed cases). Arroyo is in any event distinguishable. There, plaintiff had filed for bankruptcy in 1992, and its attorney filed a fee claim in that matter. Id. at *1. The plaintiff's chapter 11 plan was confirmed in 1993. Id. Then, in 1995, plaintiff's attorney failed to renew a judgment for plaintiff obtained prior to the bankruptcy. Id. Plaintiff sued for **post-confirmation legal malpractice**, challenging only the attorney's **post-confirmation** error of failing to renew the judgment. Id. The malpractice action in Arroyo therefore had nothing to do with the pre-petition proof of claim for attorney's fee in the Chapter 11. Nor would its successful or unsuccessful resolution have in any way affected the distribution to other creditors in the Chapter 11. This is in stark contrast to the instant matter, where the "malpractice" action is simply another vehicle for the parties' fee dispute, and resolution of that fee dispute is probably critical to the confirmation of any Chapter 11 Plan of Reorganization filed by Solstice. Arroyo therefore provides no basis for abstention (and in any event could not make it available in a removed action in view of subsequent Ninth Circuit authority precluding abstention of a removed action).

Although the Court need not analyze Solstice's arguments on permissive abstention (since as discussed above abstention is unavailable in removed actions), the same factors should inform its equitable remand analysis. See Hopkins v. Plant Insulation Co., 349 B.R. 805, 813 (N.D. Cal. 2006) (citing Williams v. Shell Oil Co., 169 B.R. 684, 692-693). As discussed below, remand would be improper; for those same reasons, the Court should also reject Plaintiff's request for permissive abstention, if it finds that abstention is somehow permitted.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDTS. REPLY ISO TRANSFER AND
POSITION ON REMAND

- 8 -

Case: 09-01186   Doc# 15   Filed: 01/20/10   Entered: 01/20/10 16:20:22   Page 15 of 19

## III. REMAND IS INAPPROPRIATE AS THIS ACTION WILL PROPERLY BE BEFORE THE HOME COURT UPON ITS TRANSFER.

Although Plaintiff lists the correct factors in a permissive abstention (and therefore remand) analysis, those factors actually favor Home Court jurisdiction. Those factors are: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to jury trial; and (7) prejudice to the party involuntarily removed from state court. Williams v. Shell Oil Co., 169 B.R. 684, 692-693 (S.D. Cal.1994). Taken together, those factors favor denial of Solstice's request for equitable remand and abstention. See SenoRx, 2007 U.S. Dist. LEXIS 40923 at *8 (in malpractice action removed from state court, declining to abstain and then analyzing these factors and denying equitable remand).

Effect on administration of bankruptcy estate. As discussed above, W&S holds the second largest non-member general unsecured claim in the Main Case.[5] This claim accounts for about 21% of the amount of such scheduled general unsecured debt. As this Court well knows, a creditor holding more than 20% of the unsecured debt, for all practical purposes, is likely to have a blocking vote on any plan of reorganization.[6] Plaintiff's explanation for why it elected to commence an action on the same matters against W&S and other defendants in California state court (Opposition at 7) fails to address how this claim will substantially effect the bankruptcy estate. Nor would it be inefficient, as Solstice argues, to try these claims in the Home Court. Opposition at 7. If anything, consolidating this duplicative action with the Main Case would promote efficient and consistent resolution of W&S's fee claim, which the Home Court must decide as part of the claims allowance process. See McClelland, 332 B.R. at 91 (noting that "it

---

[5] This is consistent with the Claims Register.
[6] W&S recognizes that the Debtors may seek to deprive W&S of its ability to vote on a proposed plan by objecting to its bankruptcy claim. In such event, W&S would likely seek to have its claim at least temporarily allowed for voting purposes pursuant to Federal Rule of Bankruptcy Procedure 3018(a).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDTS. REPLY ISO TRANSFER AND POSITION ON REMAND - 9 -

will conserve judicial resources" to try attorneys' fee claim and malpractice counterclaim together). Transfer would leave untouched Plaintiff's separate and distinct state claims against Debtor's former management, whose resolution will not implicate W&S's fee claim.

Predominance and difficulty of resolving state law claims: Solstice rightly admits that this factor provides no basis for remand (Opposition at 7); federal bankruptcy courts are well-equipped to handle professional malpractice claims, which arise under well-settled law and therefore need not come before state courts. See SenoRx, Inc, 2007 U.S. Dist. LEXIS 40923 at *8 (finding that bankruptcy court was qualified to resolve state law legal malpractice claims and denying motion for equitable remand).

Comity. Though this case was originally filed in state court, W&S immediately removed the action to federal court before any defendant had responded to Plaintiff's Complaint. As so little progress has been made, few judicial resources have been expended on the state action, so comity concerns do not favor remand. See id. (finding that comity "does not favor remand" and denying motion to remand where the underlying state court case has made little progress prior to removal). If anything, Solstice's choice to initiate its bankruptcy proceeding in New York means that comity favors transfer to the Home Court, which has been presiding over the matter since March.

Relatedness to the bankruptcy action. As discussed above, the size of W&S's claim means that resolution of this dispute will have a substantial impact on the administration of the estate. Moreover, there is no subject matter distinction between this action and the bankruptcy fee claim from which it arose. Though styled as "legal malpractice," Plaintiff's allegations describe no legal engagement, work, or advice. To the extent any actual claims can be discerned, they are for "excessive fees," a matter encompassed by the claims allowance process.[7] See Billing, 22 F.3d at 1252 (noting the "close connection" between a malpractice action and

---

[7] Although Plaintiff attempts to down play its excessive fee claim, terming it "incidental," (Opposition at 6), it cannot deny the strong overlap between malpractice allegations and fee claims in bankruptcy.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDTS. REPLY ISO TRANSFER AND
POSITION ON REMAND
- 10 -

Case: 09-01186   Doc# 15   Filed: 01/20/10   Entered: 01/20/10 16:20:22   Page 17 of 19

objections to fees and concluding that the "debtors' allegations of malpractice are part of the process of allowance and disallowance of claims"). Plaintiff's claim here entirely duplicates the issues to be adjudicated in the process of allowing W&S's claim in the Main Case and should therefore be heard – once – in New York.

Jury trial right. Solstice terms the right to a jury trial the "most dispositive" of the factors relevant here. Opposition at 3. However, as discussed extensively above, Plaintiff submitted this matter to the bankruptcy court's equitable jurisdiction by virtue of its bankruptcy filing. It cannot now invoke the right to jury trial as a way of keeping it out of bankruptcy court. See Billing, 22 F.3d at 1253 (debtor had no right to jury trial on legal malpractice claims against creditor law firm "because their claim has been converted from a legal one into an equitable dispute over a share of the estate").

Prejudice to parties. Similarly, Solstice cannot claim prejudice from a transfer to the Southern District of New York when they chose that forum to adjudicate these and related issues. And though Plaintiff complains that "inconsistent verdicts" might result from transfer, there is no practical risk of that; rather, the remaining state court claims against Solstice's former management will survive the removal and transfer of the legal malpractice and excessive fee claims against separate and distinct parties. Indeed, W&S suffers a far greater risk of prejudice if this action stays in California: it will have to litigate this same subject matter twice, incurring significant legal fees in each case, and runs the very real risk that the two courts deciding its fee claim will reach inconsistent verdicts.

To the extent these factors impact the Court's analysis, they favor denying Plaintiff's request for remand and transferring this action to New York, where it may be consolidated with the bankruptcy case from which it sprang.

## IV. CONCLUSION

Solstice chose the Southern District of New York venue for the Main Case – presumably in the good faith belief that it was the fairest and most appropriate venue for *all* parties in interest. It should not now be allowed to selectively back out of its chosen jurisdiction as it pleases and bring a second action on the same issues. W&S, by virtue of Plaintiff's bankruptcy filing, is

DEFENDTS. REPLY ISO TRANSFER AND POSITION ON REMAND - 11 -

compelled to litigate the subject matter of its claim for unpaid attorneys' fees in New York; indeed, the size of W&S's fee claim may well give them effective veto power over any plan of reorganization and therefore strongly favors consolidation of this action with the extant bankruptcy case. The *entire dispute* encompassed by W&S's bankruptcy claim should be litigated, once, in the New York bankruptcy court. Remand should be denied, the Court should not abstain, and W&S's Motion to Transfer should be granted.

Dated: January 19, 2010

Respectfully submitted,

FARELLA BRAUN + MARTEL LLP

MACCONAGHY & BARNIER, PLC

By: /s/ John H. MacConaghy
John H. MacConaghy

Attorneys for Defendants
WINSTON & STRAWN LLP and
JONATHAN COHEN

25245\2133137.2

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDTS. REPLY ISO TRANSFER AND POSITION ON REMAND

- 12 -

Case: 09-01186  Doc# 15  Filed: 01/20/10  Entered: 01/20/10 16:20:22  Page 19 of 19